# EX PARTE SIMONS, PETITIONER.

### PETITION FOR WRIT OF MANDAMUS.

No. 26, Original.   Argued December 10, 1917.—Rule absolute
June 3, 1918.

Plaintiff brought an action for damages in two counts against executors, in the District Court in New York, the first count alleging a promise of the testatrix to bequeath a certain sum in return for plaintiff's services, and the second her promise to pay their reasonable value. On motion the first count was ordered transferred to the equity docket, upon the ground that by the law of New York it could not be entertained at law. *Held*, that this was an error, depriving plaintiff of the right of trial by jury, and properly rectified by mandamus. Rule absolute.

THE case is stated in the opinion.

*Mr. Roger Foster* for petitioner:

Whenever a constitutional right has been denied, or a judge has acted clearly beyond his jurisdiction, and there is no immediate remedy by a writ of error or appeal,

mandamus will issue to correct an error which if left uncorrected will cause confusion and complications so great that serious inconvenience to the courts, and to the litigants, will result. *Virginia* v. *Rives*, 100 U. S. 313, 323, 329; *Virginia* v. *Paul*, 148 U. S. 107; *Kentucky* v. *Powers*, 201 U. S. 1; *Ex parte Metropolitan Water Co.*, 220 U. S. 539, 540, 546; *Brown* v. *Circuit Judge of Kalamazoo County*, 75 Michigan, 274.

It is well settled that mandamus is the proper remedy to prevent the enforcement of an order for a change of venue made by a court having exclusive jurisdiction to hear and determine the proceeding, and with no power to send away the case for trial elsewhere; and that an appeal from the final judgment rendered by the court to which the venue is changed does not afford an adequate remedy. *Washington ex rel. Wyman, Partridge & Co.* v. *Spokane County*, 40 Wash. 443; *Ex parte Cox*, 10 Missouri, 742; *State ex rel. Harris* v. *Laughlin*, 75 Missouri, 358; *State ex rel. Schonhoff* v. *O'Bryan*, 102 Missouri, 254

The effect of this order is to grant a perpetual stay of proceedings to enforce the first cause of action at common law and to enjoin the further prosecution thereof at common law. It is well settled that mandamus will issue to compel a court to proceed in a suit which it has improperly stayed. *Livingston* v. *Dorgenois*, 7 Cranch, 577; *Barber Asphalt Pav. Co.* v. *Morris*, 132 Fed. Rep. 945; *McClellan* v. *Carland*, 217 U. S. 268.

It will also issue to compel a court to proceed to judgment. *Life & Fire Ins. Co.* v. *Wilson*, 8 Pet. 291; *Life & Fire Ins. Co.* v. *Adams*, 9 Pet. 571; *Ex parte Equitable Trust Co.*, 231 Fed. Rep. 571, 585, 594; *In re Watts*, 214 Fed. Rep. 80; to compel a court to enforce its judgment, *Ex parte United States*, 242 U. S. 27; to compel a judge to permit documents on file in the clerk's office under seal to be produced, opened and put in evidence, *Ex parte Uppercu*, 239 U. S. 435; to compel a court to overrule an

objection to a master's summons which required the defendant to render a sworn statement of an account in accordance with Equity Rule 79, *In re Beckwith*, 203 Fed. Rep. 45; 201 Fed. Rep. 518; to set aside an order of a District Court which modified a decree rendered at a previous term, although no appeal or writ of error was then pending or had been previously issued or taken, *Re Dennett*, 215 Fed. Rep. 673; see also *New Liverpool Salt Co.* v. *Wellborn*, 160 Fed. Rep. 923; to set aside an order disbarring an attorney which had been rendered without jurisdiction or after a proceeding in which the court below had acted with flagrant impropriety. *Ex parte Bradley*, 7 Wall. 364; *Ex parte Robinson*, 19 Wall. 506. See also *Ex parte Wisner*, 203 U. S. 449; *In re Winn*, 213 U. S. 458.

If mandamus will not lie, a writ of prohibition should be granted. *United States* v. *Mayer*, 235 U. S. 55; *Ex parte Indiana Transportation Co.*, 244 U. S. 456; *Ex parte Equitable Trust Co.*, 231 Fed. Rep. 571, 594; *Lehman* v. *Gumbel*, 236 U. S. 448.

If neither of the foregoing writs can be obtained, the petitioner has the right to a writ of certiorari—the original writ issuable at common law which under its supervisory jurisdiction is vested in this court by § 262, Jud. Code, formerly Rev. Stats., § 716. *United States* v. *Beatty*, 232 U. S. 463, 467.

A District Court of the United States, when sitting in equity and when sitting at common law, exercises as independent a jurisdiction and in the contemplation of the law constitutes two distinct courts just as much as when it is a court of admiralty and a court of bankruptcy. Jud. Code, § 24.

The petitioner has no less right to one of the extraordinary writs than if she had sued upon a single cause of action, and that had been sent from the common-law court to the court of equity. It is settled that when one of two separate and different causes of action joined together in a

single pleading has been dismissed, such dismissal may be reviewed without awaiting the termination of the issues raised upon the other cause of action. *Scriven* v. *North*, 134 Fed. Rep. 366; *Historical Pub. Co.* v. *Jones Bros. Pub. Co.*, 231 Fed. Rep. 784; *Miocene Ditch Co.* v. *Moore*, 150 Fed. Rep. 483, 493; *Hill* v. *Chicago & Evanston R. R. Co.*, 140 U. S. 52.

The District Court had no power to make the order. No statutory provision nor any equity or common-law rule gives such authority, although under Equity Rule 22 a motion may be made to send a cause from the equity to the common-law calendar. The object of this rule is to protect the constitutional right. No constitutional right is infringed by the trial of a case before a jury which might have been tried in equity. Section 274a, Jud. Code, merely authorizes amendments; it does not authorize a transfer in any case, *Waldo* v. *Wilson*, 231 Fed. Rep. 654; or a severance; and it was clearly not its intention to warrant a transfer upon compulsion against the wish of the plaintiff. If the plaintiff has selected a wrong side of the court upon which to proceed, the penalty upon him is not to compel him to go to the other side which he does not wish to enter, but to dismiss his suit at the appropriate time in the cause. Moreover, the statute does not purport to justify a transfer of part of a suit.

The Constitution forbids such a transfer of part and of the whole of a cause of action from law to equity, especially when the plaintiff claims the right to a trial by jury.

The first as well as the second cause of action was cognizable at common law. [Citing many cases.]

This is not a question which is to be decided according to the state law. *Lindsay* v. *First National Bank*, 156 U. S. 485, 593; *Whitehead* v. *Shattuck*, 138 U. S. 146, 151; *Wehrman* v. *Conklin*, 155 U. S. 314, 325.

The same rule has been enforced in the State of New York.

By the law of New York every right that is cognizable by the courts is a right at common law, including those which by the former practice could be enforced only by a court of equity.

*Mr. Edgar T. Brackett*, with whom *Mr. Clarke M. Rosecrantz* was on the brief, for respondents:

The order can clearly be reviewed on writ of error after final judgment in the common-law action. Very likely it has become a part of the record in equity; but it also remains a part of the record in the law action, no less so than would an order dismissing the first count, on demurrer or motion. It puts the plaintiff, on the first count, out of court in her action at law. It was entered by the court sitting as a court of law on a motion made by the defendants in the action at law. There is nothing in the situation of petitioner which entitles her to a speedier review here than there would be if Jud. Code, § 274a, had never been enacted.

She may waive her objection to the order if she amends and proceeds under it, but may elect to abide by her declaration. The law was not made to enable her to try her case both at law and in equity.

The petitioner is possibly entitled to an immediate review of the action of the trial court on writ of error from the Circuit Court of Appeals.

Under Jud. Code, § 274a, the court had the power to transfer the first cause of action from the law to the equity side. It is true the section says nothing about transfer. But it is not an ordinary statute of amendments. Its object is not to allow a pleading at law to be amended as such—a right already existing,—but to protect the plaintiff where he could not amend to state a good cause of action at law, against being put out of court altogether. The court, therefore, shall order that he make the necessary amendments to change his declaration at law into a

bill in equity, and *vice versa.* It follows that an order
of transfer from the law to the equity side, or from the
equity to the law side, as the case may be, is not only
proper but necessary, to get the case instated on the
side of the court where it will have to be tried. The or-
der in effect dismisses the cause of action wrongly sued
upon at law, and, at the same time, for the plaintiff's
benefit, transfers it so that he may proceed on the right
side of the court if he sees fit. The section authorizes
a severance. It is remedial and should be liberally con-
strued.

So far as petitioner's right at law is concerned, her con-
stitutional right to trial by jury is no more and no less
involved than is the right of any other plaintiff to whose
declaration at law a general demurrer has been sustained.
If the demurrer was improperly sustained, the petitioner
will, after reversal and remandment, obtain her jury
trial.

Petitioner is not entitled to the writ of mandamus.
Under § 274a the subject-matter of which the court is
given jurisdiction is precisely the determination of the
question whether or not a suit has been instituted on the
right side of the court. If a judge decides this question
wrongly he is merely committing error, and not exceeding
his jurisdiction. His ruling can be reviewed by writt of
error. This brings the case squarely within the usual rule
that the writ of mandamus cannot be used to serve the
purpose of an appeal.

The situation here cannot be distinguished from the
attempt to review by mandamus the refusal to remand to
a state court, in a case where the question of removability
can be determined as a question of law on the record.
This was the question elaborately discussed and finally
set at rest in *Ex parte Harding,* 219 U. S. 363. The juris-
diction of the court to determine the question of law
whether or not the first count of plaintiff's declaration

stated a common-law cause of action is plain. The right of plaintiff to review on writ of error the court's determination of that question is plain. Even if it be that, technically, the court had no jurisdiction of the subject-matter of its order, since the section (274a) empowered it only to authorize or direct amendments in pleadings and not to order the transfer of a case, it by no means follows that mandamus will lie to correct this "jurisdictional" trespass. It is of no consequence to petitioner whether or not the first count of her declaration be "transferred" to the equity side before or after she elects to amend and proceed on that side. She is deprived of no substantial right by the order considered as an order transferring a part of her suit, as distinguished from an order merely allowing her to amend. If she had been able to amend the first count of her declaration so as to make it a good count at law, she would doubtless have been allowed to do so had she made the request. No such request was made. And even if it had been made and had been refused, she would have had precisely the same remedy that she now has, namely, by writ of error after final judgment. The important and only vital question to petitioner is whether or not the first count of her declaration states a common-law cause of action. If respondent decided that question wrongly, he was merely deciding wrongly the very question which § 274a obliges him to decide, and, as already shown, his conduct in this regard can certainly not be reviewed by mandamus.

The right to prohibition or certiorari depends on precisely the same considerations determining the right to mandamus.

An oral contract to make a will is not in New York a valid contract on which an action at law may be maintained, though in certain cases relief may be had in equity. [Citations.]

If the New York law is as above stated, it is a rule

of substantive law and not a rule of procedure, and the federal courts will therefore apply it. *Scudder* v. *Union National Bank*, 91 U. S. 406; *Pritchard* v. *Norton*, 106 U. S. 124. The cases cited by petitioner are all cases relating to remedies and not to substantive rights.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for mandamus, or, if that is denied, for prohibition or certiorari, to the District Court for the Southern District of New York upon the following facts. The petitioner brought an action in two counts against the executors of a widow named Mrs. Frank Leslie. The first count alleged a promise by Mrs. Leslie that if the plaintiff would perform certain personal services of attendance and care to her, she would bequeath to the plaintiff $50,000. It set forth the performance of the services in great detail, alleged the death of Mrs. Leslie and probate of her will, the bequest to the plaintiff of not more than $10,000, and claimed $40,000 with interest from one year after the death of the testatrix, as damages. The second count repeats by reference the averments of the first count, but alleges a promise to pay the reasonable value of the plaintiff's services, set at $50,000, of which $10,000 have been satisfied by legacy, and claims damages as before. On motion of the defendants the judge sitting to hear motions in the District Court ordered the first cause of action to be transferred to the equity side of the Court and docketed as an equity cause, and to be stricken out of the complaint in the action at law, but only for the purpose of transfer, allowing the plaintiff to amend, &c. The ground disclosed was that by the law of New York the

plaintiff could not sustain the first cause of action at law.

We do not find sufficient ground for the opinion of the judge in the New York decisions. No doubt alleged contracts to make a provision by will must be approached with great caution in the matter of proof, but there is no doubt that if proved they are valid so far as no statute intervenes. So much seems to be assumed by the order of the judge, and is the law we believe of New York as well as of other States and England. But if valid we see no reason why a contract to bequeath a certain sum should not give rise to an action for damages if broken, as certainly as a contract to pay the same sum in the contractor's life, or at the moment of the contractor's death. *Parker v. Coburn*, 10 Allen, 82. In cases of contracts to leave all the testator's property, including land, or a proportion of a residue requiring an account to ascertain it, equitable remedies have been thought proper, and in some such cases it has been assumed for the purposes of argument that an action would not lie at common law. See *Winne v. Winne*, 166 N. Y. 263. *Phalen v. United States Trust Co.*, 186 N. Y. 178. But we have seen nothing that suggests an arbitrary departure by the Courts of New York from the common law in cases like the present. See *Farmers' Loan & Trust Co. v. Mortimer*, 219 N. Y. 290, 295. *DeCicco v. Schweizer*, 221 N. Y. 431. *Silvester's Case*, Popham, 148, 2 Roll. R. 104. *Fenton v. Emblers*, 3 Burr. 1279. *Van Houten v. Van Houten*, 89 N. J. L. 301. *Krell v. Codman*, 154 Massachusetts, 454.

If we are right, the order was wrong and deprived the plaintiff of her right to a trial by jury. It is an order that should be dealt with now, before the plaintiff is put to the difficulties and the Courts to the inconvenience that would be raised by a severance that ultimately must be held to have been required under a mistake. It does not

matter very much in what form an extraordinary remedy is afforded in this case. But as the order may be regarded as having repudiated jurisdiction of the first count, mandamus may be adopted to require the District Court to produce and to give the plaintiff her right to a trial at common law. See *Brown* v. *Circuit Judge of Kalamazoo County*, 75 Michigan, 274.

*Rule absolute.*