James R. HOFFA, Petitioner,

v.

Honorable Frank GRAY, Jr., United States District Judge for the Middle District of Tennessee, Respondent.

No. 15540.

United States Court of Appeals
Sixth Circuit.

Sept. 20, 1963.
Certiorari Denied Nov. 12, 1963.
See 84 S.Ct. 199.

James E. Haggerty, Sr., Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, Detroit, Mich., Z. T. Osborn, Jr., Denney, Leftwich & Osborn, Nashville, Tenn., for petitioner.

Respondent not represented by counsel.

Before WEICK, O'SULLIVAN and PHILLIPS, Circuit Judges.

ORDER.

The petition for a Writ of Mandamus seeks peremptory orders against the District Judge to compel him to vacate orders entered by him denying petitioner's motions to dismiss the indictment and for a change of venue and to enter orders granting said motions.

It is the claim of petitioner that the members of the Grand Jury which indicted him were improperly selected and its proceedings were not kept secret; that the Court erred in limiting his proof in the hearing on the motion to dismiss and in denying the motion; that because of adverse newspaper publicity there exists so great a prejudice against him in the district where the indictment is pending that he cannot there obtain a fair and impartial trial and the Court abused its discretion in not transferring the case to another district.

The District Judge had jurisdiction to hear and determine the motion to dismiss the indictment. Whether he erred in limiting the proof and denying the motion to dismiss may be reviewed by us only on appeal after a final order has been entered in the case. The order denying the motion to dismiss was not a final appealable order. 28 U.S.C. § 1291; Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377; Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911; Chereton v. United States, 256 F.2d 576 (C.A.6).

Mandamus is available only in extraordinary cases and may not be used as a substitute for appeal. Parr v. United States, supra, 351 U.S. 520, 521, 76 S.Ct. 917, 100 L.Ed. 1377; Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041; Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185. In Aday v. United States District Court, 318 F.2d 588 (C.A. 6), we denied, by order, a petition for Mandamus which sought to review orders of the District Court denying motions to dismiss the indictment and to transfer the case to another district.

In ruling upon the motion for change of venue, the District Judge was required to exercise his discretion. We have held that Mandamus is not available to control the discretion of the District Court in acting upon a motion to transfer. Aday v. United States District Court, supra; Ratke v. Picard, 283 F.2d 945 (C.A.6) cert. denied 364 U.S. 927, 81 S.Ct. 353, 5 L.Ed.2d 266; Panhandle Eastern Pipe Line Co. v. Thornton, 267 F.2d 459 (C.A.6); Lemon v. Druffel, 253 F.2d 680 (C.A.6).

Petitioner relies on Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3

L.Ed.2d 988 and In re Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094. We think these cases are inapposite. The distinction is that where a party is entitled under the law to a jury trial, the court has no discretion but is under a mandatory duty to grant it. In deciding the motions in the case at bar, the Court was authorized to and did exercise judicial discretion.

The voir dire examination of the prospective petit jurors called to try this case on the merits should throw some light on the factual question whether defendant can obtain a fair and impartial jury in the district.

The petition for a Writ of Mandamus is denied.

Biggs, Chief Judge, dissented in part.