**FILMON PROCESS CORP., Petitioner,**

v.

**Hon. John J. SIRICA, Judge, United States District Court for the District of Columbia, Respondent.**

**No. 20740.**

United States Court of Appeals District of Columbia Circuit.

Argued April 6, 1967.

Decided April 27, 1967.

claim that it has the legal authority to so act.

**450**

Mr. Edward C. Gonda, Philadelphia, Pa., of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, for petitioner. Mr. Irwin A. Lavine, Washington, D.C., was on the pleadings for petitioner.

Mr. Scott R. Schoenfeld, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the pleading, for respondent.

Before BASTIAN, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Petitioner, plaintiff in the District Court, seeks mandamus to require respondent, District Judge Sirica, to grant a jury trial in a pending civil action.

Respondent, as pre-trial judge, permitted the defendants to withdraw their demand for a jury trial filed three years ago. Petitioner says this is in contravention of Rule 38, FED.R.CIV.P., since petitioner does not consent to this withdrawal and petitioner relied on the jury demand in the answer even though a jury trial was not demanded in the complaint.

Petitioner supposes the case turns on Rule 38, but as we see the record it is Rule 39 that is involved. Defendants took the position that there is no right of jury trial in the light of the issues as framed in the pre-trial order, which disposed of portions of the counterclaim set forth in the pleading of defendants that demanded jury trial. Respondent's supplemental pre-trial order, placing the case on the non-jury list, is based on an express reference to Rule 39 and the finding that a right of jury trial does not exist. That finding and order may be initiated by the court on its own motion.

I

The United States Attorney, opposing the petition for mandamus, suggests that we may deny the writ without ourselves deciding that there is no right of trial by jury since the question is at least debatable and the writ issues, to compel the trial court to exercise its jurisdiction at law, only in "a case plainly triable at law by jury." [1]

Although recent Supreme Court decisions do not speak explicitly to this point, it is a fair inference that even on an application for an extraordinary writ for pre-trial relief the Supreme Court expects the courts of appeals to

---

1. Roche v. Evaporated Milk Ass'n, 319 U. S. 21, 32, 63 S.Ct. 938, 944, 87 L.Ed. 1185 (1943), discussing Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094 (1918). See generally James v. Pennsylvania Gen. Ins. Co., 121 U.S.App.D.C. 251, 349 F.2d 228 (1965).

make a determination whether or not there is a right of trial by jury, regardless of whether the quetion is a close or complicated one, and that the Court would not welcome a doctrine whereby a party's constitutional right to jury trial was trammeled in fact because a court of appeals determined that the issue was doubtful and that it need not and would not decide whether or not the party had the right of trial by jury. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Other circuit courts of appeals have taken the view that the denial of a jury trial in contravention of a party's constitutional rights automatically presents "such an exceptional situation as to call for the issuance of a mandamus to review the ruling." [2]

## II

We undertake to determine whether in our view there is a right of jury trial, and we conclude that the record before Judge Sirica does not show that petitioner has any action for damages pending, a prerequisite to a claim that it is being deprived of a right to a jury trial.

The complaint is in three counts. The first count, for patent infringement, seeks an injunction, and an accounting for profits and damages. The statute provides for damages only (1) if there is a marking giving notice to the public that the article is patented, together with patent number, or (2) if there is proof that the alleged infringer was notified of the infringement and continued to infringe thereafter. 35 U.S.C. § 287 (1964).

As to (2), the pre-trial statement sets forth, under Undisputed Facts, "Prior to the institution of this suit, plaintiff did not give any notice to defendant of the alleged patent infringement here claimed." No supplemental or amended complaint has been filed alleging infringement subsequent to the filing of the action.

As to (1), the complaint does not allege any public marking by plaintiff.

Furthermore, defendant's interrogatory 36 asked plaintiff to "state in complete detail * * * all steps taken to market [the article involved] with the patent number." Plaintiff answered: "No steps, as such, were taken by the plaintiff to market the patented ribbon with the patent number. No records were kept with respect to patent marketing."

Petitioner stated at argument that in fact the pendency of the patent and patent number, though not set forth on the very article directly involved in the patent (a typewriter ribbon), were set forth on containers used in sales of such articles. Assuming that this would suffice to support an action for damages, petitioner can not use it to prevail on mandamus since it did not bring forth the alleged fact in the District Court. No explanation was given for the failure to set forth this fact in the answer to an interrogatory that on its face called for a full answer as to the details of public marking.

We are not called upon to consider what would have been or yet may be the consequences of an appropriate motion supported by credible affidavits showing a public marking that suffice to show there is at least a disputed question of fact for the jury.

Count 2, for false marking by defendant, seeks a penalty award under 35 U.S.C. § 292 (1964). Respondent has informed the court, through the opposition filed by counsel, that he will issue an order granting a separate trial to a jury

**2.** See Black v. Boyd, 248 F.2d 156, 160 (6th Cir. 1957), which relied on Ex parte Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L. Ed. 1094 (1918), and was cited with approval in Beacon Theatres, Inc. v. Westover, *supra*, 359 U.S. at 511 n. 20, 79 S. Ct. 500.

This apparently is the view of *Dairy Queen* and *Beacon Theatres* taken in Robine v. Ryan, 310 F.2d 797 (2d Cir. 1962).

of the second count. Petitioner may present an appropriate order to the District Court. No issue for mandamus remains.

Insofar as respondent is impliedly determining that count 2 is separable for trial purposes from count 1, we are in no position to say this was error. If necessary or desirable, the court may summon a jury for attendance throughout the trial even though it will be presented solely with the action under count 2.

■ Count 3 is a claim that seeks relief on the ground of unfair competition. Petitioner admits it cannot establish that any pecuniary damages resulted from the alleged wrong. Assuming defendant's activities entitle plaintiff to relief, it is plain a jury trial is not required.

Petition denied.