**MIDLAND–ROSS CORPORATION,**
**Appellant,**

**v.**

**SUNBEAM EQUIPMENT CORPORA-**
**TION and Robert W. Smith.**

**No. 19191.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 8, 1970.

Decided Oct. 27, 1970.

Rehearing Denied Nov. 25, 1970.

**160**

Barry L. Springel, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for appellant.

Walther E. Wyss, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for appellees.

Before KALODNER, STALEY and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Midland-Ross Corporation ("Midland") brought an action against Sunbeam Equipment Corporation ("Sunbeam") and Robert W. Smith for injunctive relief to prevent disclosure of alleged trade secrets to Sunbeam by Smith, a former employee of Midland, now in Sunbeam's employ. A temporary restraining order was granted by the district court, and testimony was then heard on Midland's application for a preliminary injunction. At the conclusion of this testimony, the district court entered an order dissolving the temporary restraining order and denying the request for a preliminary injunction. This appeal is involved only with Midland's right to a preliminary injunction to prevent a threatened disclosure and misappropriation of its trade secrets.

> "The granting or denying of a preliminary injunction rests in the sound judicial discretion of the trial court and will not be disturbed upon appeal 'unless contrary to some rule of equity, or the result of an improvident exercise of judicial discretion.' " Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 573 (C. A.3, 1959).

In an opinion filed with its order, the district court made extensive and detailed findings of fact. In essence, it was determined that nothing was ever disclosed to the employee in the nature of a confidential or secret disclosure so as to give rise to a claim that he had been given trade secrets. Further, the district court found that all of the alleged secrets claimed by Midland were for-

feited by its sale to the public of its product.

We have carefully examined the record in this case and find substantial evidence to support the district court's findings. We conclude that there was no abuse of discretion on the part of the district court in refusing to issue a preliminary injunction.

The order of the district court will be affirmed.