436 F.2d 733
 168 U.S.P.Q. 333
 George H. BRUCE and Robert Martin, Petitioners,
v.
Hon. Luther BOHANON, United States District Judge, Marathon
Oil Company, aCorporation, and Robert Lehman, et
al., d/b/a Lehman Brothers, Respondents.
 No. 435-70.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1970, Rehearing Denied Feb. 18, 1971.
 
 Robert C. Foulston and Robert L. Howard, Wichita, Kan. (Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., on the brief), for petitioners.
 No appearance for the Honorable Luther Bohanon.
 Clayton L. Orn, Houston, Tex. (Mark H. Adams, Floyd E. Jensen, Adams, Jones, Robinson & Manka, Wichita, Kan., on the brief), for respondents.
 Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Bruce and Martin, petitioners in this court and plaintiffs in the trial court, filed with us a 'Petition for Writ of Mandamus and/or Prohibition,' naming as respondents therein the Honorable Luther Bohanon, a United States District Judge, the Marathon Oil Company, an Ohio corporation, and the individual members of a New York investment banking copartnership doing business as Lehman Brothers.
 
 
 2
 From the record before us it is learned that Bruce and Martin, as plaintiffs, filed in the trial court a complaint against Marathon, and that by amended complaint added Lehman Brothers as an additional party defendant.
 
 
 3
 The central issue in the instant proceeding concerns the propriety of the trial judge's determination that Count I of the amended complaint presents only so-called equitable issues which would be tried by the court, and not a jury. A review of this determination necessarily involves a rather in depth consideration of plaintiffs' lengthy amended complaint in an effort to ascertain the true nature of the proceeding. Hence, reference with at least a degree of detail must be made to the various allegations contained in the amended complaint.
 
 
 4
 Respondents (not including Judge Bohanon, who makes no appearance) in their brief characterize Count I as being 'an action against Marathon alone for the alleged wrongful appropriation in January 1960 of so-called confidential information which plaintiffs claim was disclosed to Marathon under an oral agreement of trust and confidence.' Elaborating a bit, plaintiffs in Count I allege, among many other things, that they formed a joint venture with Lehman Brothers for 'the purpose of detailed research, analysis, and development of the substantial Japanese market for LNG (liquefied natural gas)'; that Martin and an experienced gas engineer associated with Lehman Brothers then went to Japan and 'conducted a comprehensive market survey and cost analysis concerning the Japanese energy market, cost estimates of manufactured gas and the price under which LNG would have to sell in order to be economically feasible in the Japanese market'; and that while in Japan their negotiations with officials of certain Japanese utility companies culminated in a verbal agreement that in consideration for further studies to be made by the plaintiffs they would be, and were, granted a first right of refusal as regards supplying LNG to the Japanese market.
 
 
 5
 It is further alleged in Count I that following Martin's return from Japan the plaintiffs undertook a study to determine possible sources of LNG adequate to supply the Japanese market requirements and that in the course of the study plaintiffs learned that Marathon had recently developed and had access to extensive natural gas reserves in the Kenai Peninsula of Alaska, for which there was seemingly no Alaskan market.
 
 
 6
 It was in this general factual setting, according to the allegations in Count I, that Martin then contacted Marathon and informed their representative that he 'wanted to present a business proposal to defendant Marathon upon a confidential basis.' It is further alleged that after being assured that all disclosures made by Martin would be treated by Marathon in strictest confidence, Martin thereafter revealed the general nature and history of plaintiffs' proposed LNG project, and disclosed to Marathon plaintiffs' data, information, computations, market surveys, cost analyses, and their business contacts with appropriate Japanese officials.
 
 
 7
 Plaintiffs then go on to allege, and all in Count I, that Marathon and Lehman Brothers thereafter conspired and agreed that Marathon alone, and to the complete exclusion of the plaintiffs, would proceed to develop the Japanese methane market. Specifically, it is alleged that Marathon violated its fiduciary duty to the plaintiffs and appropriated to its own use plaintiffs' confidential information and wrongfully excluded plaintiffs from the Japanese LNG project, all of which came to fruition when Marathon and its associates, but not the plaintiffs, entered into contracts with the Tokyo Gas Company and Tokyo Electric Power Company.
 
 
 8
 It is on these several allegations that plaintiffs prayed for judgment on Count I, seeking by way of relief a determination of an equitable right to participate with Marathon in their Japanese LNG project and for an accounting in connection therewith.
 
 
 9
 As above indicated, Count II, unlike Count I, is directed at both Marathon and Lehman, but each and every allegation contained in Count I is incorporated in Count II by appropriate reference thereto. Additionally, and quite like certain of the allegations in Count I, it was alleged in Count II that Marathon and Lehman Brothers 'conspired and joined together to exclude the plaintiffs from further participation in the Japanese methane market, to facilitate and permit the defendant Marathon to usurp and wrongfully use the confidential information previously imparted to it by plaintiff Martin * * *.' By way of relief, but in the alternative and in the event the court did not grant the relief prayed for in Count I, plaintiffs sought joint and several judgment against Marathon and Lehman in the sum of $10,000,000.
 
 
 10
 By answer Marathon and Lehman denied any conspiracy on their part or wrongful appropriation of any confidential business information imparted to either by plaintiffs.
 
 
 11
 By pretrial order, the Honorable Luther Bohanon proposed, among many other things, to try the issues posed by Count I and Marathon's answer thereto before any possible trial of Count II. Additionally, and this is the heart of the present controversy, he determined that the trial of Count I would be to the court and not a jury, even though plaintiffs had filed a demand for trial by jury before any answer was filed. The trial judge gave as his reason therefor the fact that in his considered view Count I presented 'equitable' issues, and not 'legal' issues, at the same time indicating, however, that if, as, and when there was a trial of Count II, such would be to a jury. It was in this setting and at this juncture that plaintiffs, as petitioners in this court, filed a petition seeking, among other things, that the respondent judge be directed to grant plaintiffs a trial by jury on Count I of their amended complaint.
 
 
 12
 Initially, it is contended by counsel for Marathon and Lehman Brothers that mandamus is not the proper vehicle for obtaining review of the trial judge's ruling that Count I would be tried to the court, and that petitioners should have sought such review by interlocutory appeal under 28 U.S.C. 1292(b) or by appeal after final judgment. Counsel apparently concede that under certain circumstances a writ of mandamus may be a proper method for obtaining review of an interlocutory order of the trial court, but argue that such relief is not available in the 'ordinary situation,' and that the present proceeding is just an 'ordinary situation.' We do not agree.
 
 
 13
 In Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, in commenting upon Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, the United States Supreme Court declared that the Beacon case emphasizes the responsibility of Federal Courts of Appeal to grant mandamus where necessary to protect the constitutional right to trial by jury. In line with this pronouncement see General Tire & Rubber Co. v. Watkins, 331 F.2d 192 (4th Cir.); Filmon Process Corp. v. Sirica, 126 U.S.App.D.C. 395, 379 F.2d 449. In the latter case appears the following pertinent comment:
 
 
 14
 '* * * It is a fair inference that even on an application for an extraordinary writ for pre-trial relief the Supreme Court expects the courts of appeals to make a determination whether or not there is a right of trial by jury, regardless of whether the question is a close or complicated one, and that the Court would not welcome a doctrine whereby a party's constitutional right to jury trial was trammeled in fact because a court of appeals determined that the issue was doubtful and that it need not and would not decide whether or not the party had the right of trial by jury * * *.'
 
 
 15
 As indicated, the real issue in the instant proceeding is whether under the Seventh Amendment to the Constitution of the United States and Fed.R. Civ.P. 38(a) and 39(a), the petitioners, having made a timely demand for trial by jury, have a right to a trial by jury of Count I of their amended complaint. We conclude that the petitioners do have such a right and that the respondent judge erred in holding that the trial as it relates to Count I should be to the court.
 
 
 16
 Count I of the amended complaint, a lengthy pleading which has been above summarized, in essence alleges that the plaintiffs developed certain business and trade information which they disclosed under conditions of confidence to Marathon, and that Marathon thereafter wrongfully appropriated this confidential information to its own benefit and to the detriment of the plaintiffs.
 
 
 17
 The fact that as concerns Count I equitable relief in the form of an accounting is sought does not in and of itself preclude a right to a jury trial, as it has been declared that the right to trial by jury does not depend upon the choice of words used in pleadings. Dairy Queen, Inc. v. Wood, supra. See also King v. United Benefit Fire Insurance Co., 377 F.2d 728 (10th Cir.), cert. denied 389 U.S. 857, 88 S.Ct. 99, 19 L.Ed.2d 124. Rather, we must look beyond the relief sought and determine the true nature of the underlying claim upon which the prayer for relief is itself predicated. Viewed in this light, petitioners assert that Count I sounds in law-- not in equity-- and that the core issue as to whether there has in fact been a wrongful appropriation presents a legal issue which, under the circumstances, requires that Count I be tried to a jury. We agree.
 
 
 18
 In sum, Count I alleges that Marathon tortiously misappropriated business and trade information developed by the plaintiffs and given Marathon on a confidential basis to the plaintiffs' detriment. We hold that such a claim sounds in tort. Restatement of Torts, 757. See also Smith v. Dravo Corp., 203 F.2d 369 (7th Cir.); Harkobusic v. General American Transportation Corp., 209 F.Supp. 128 (W.D.Pa.); and Mann v. Tatge Chemical Co., 201 Kan. 326, 440 P.2d 640.
 
 
 19
 Robine v. Ryan, 310 F.2d 797 (2d Cir.) presents a somewhat analogous situation. There it was held that the allegation that one has been injured by another's wrongful appropriation to his own use of an invention divulged on the basis of a confidential relationship stated a legal cause of action which upon timely request should be tried by a jury.
 
 
 20
 Certainly the present trend in judicial thinking is to zealously guard the right to trial by jury, and we believe our disposition of the matter to be in harmony with the rationale of such cases as Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729; Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691; Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44; and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988.
 
 
 21
 Finally, it is argued that even if the petitioners at one time had a right to trial by jury of Count I, they by their actions have now waived any right thereto. As above stated, petitioners filed a demand for trial by jury before Marathon and Lehman Brothers ever filed their answer. Hence their demand was timely filed. Fed.R.Civ.P. 38(b). However, it is said that prior to the filing of their demand petitioners waived their right to trial by jury. This argument is based on the fact that at an earlier hearing counsel for the petitioners indicated uncertainty as to whether Count I was legal or equitable in nature and for the further reason that counsel did not object when the trial judge at one time indicated that he would try the issue of liability first and separate from the issue of damages. Suffice it to say in this regard that the matter relied upon as constituting a waiver simply does not add up to an intentional and voluntary relinquishment of a known right and falls far short of waiving the very basic right of trial by jury. The cases urged upon us in this regard are ones where the right to trial by jury was deemed waived by permitting the trial to be to the court, without any objection thereto, or where prior to acers, however, is denied and we perceive tual trial there was expressed assent by counsel that the trial be to the court and not a jury. Such factual situations are far different from the instant one.
 
 
 22
 The petition insofar as it relates to petitioners' right to trial by jury of Count I is therefore granted. The balance of the relief prayed for by petition-of no good purpose in detailing our reasons therefor, inasmuch as the central issue is petitioners' right to trial by jury of Count I. The stay heretofore ordered by this court is vacated, with further proceedings to be consonant with the views herein expressed.
 
 
 23
 HOLLOWAY, Circuit Judge (concurring specially):
 
 
 24
 I agree with the majority opinion in its treatment of the issues before us, but on the central question of jury trial I add these brief comments to make clear my understanding as to why count one is triable to a jury.
 
 
 25
 The majority opinion appears to treat as irrelevant the prayer in count one which seeks relief in the form of an accounting, reasoning that we must look beyond the relief sought and its label to the underlying tort alleged, which is triable to a jury. While the characterizations in the pleadings are not controlling, we are called on to look at the nature of the remedies requested, among other things. See Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729. In the light of Seventh Amendment principles the accounting claim-- which is not shown to be excessively complicated-- is viewed in substance as a money claim triable to a jury. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477-478, 82 S.Ct. 894, 8 L.Ed.2d 44; AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 153 (10th Cir.). And since the issues on one of the remedies requested in the count are triable to a jury, the plaintiffs may not be denied a jury trial in the circumstances presented here. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988.