**MIDLAND ROSS CORPORATION**

v.

**SUNBEAM EQUIPMENT CORPORATION and Robert W. Smith.**

**Civ. A. No. 14–71 Erie.**

United States District Court,
W. D. Pennsylvania.
May 20, 1971.

Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., Tucker, Burke, Campbell & Arensburg, Pittsburgh, Pa., Jones, Day, Cockley & Reavis, Cleveland, Ohio, for plaintiff.

Quinn, Plate, Gent, Buseck & Leemhuis, Erie, Pa., Mason, Kolehmainen, Rathburn & Wyss, George R. Clark and Neil M. Rose, Chicago, Ill., for defendants.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION AND DEMAND FOR JURY TRIAL

KNOX, District Judge.

Two causes of action are set forth in this complaint. The first cause of action is for patent infringement and complains of a sale by the defendant in 1968 of a carburizing furnace installed in a Chrysler Corporation plant in Indianapolis, Indiana. It seeks damages for the infringement, counsel fees, costs and injunction against future infringement.

The second cause of action seeks an injunction against disclosing of trade secrets as a result of hiring by the defendant, Sunbeam, of co-defendant, Robert W. Smith, formerly an employee of plaintiff.

Plaintiff has filed a demand for jury trial as to the second cause of action and a motion for a jury trial as to the first cause of action. Both the demand and motion were filed March 3, 1971. As to the first cause of action, the answer had been filed January 6, 1971, and no request for jury trial was made within 10 days thereafter nor was there any demand for jury trial in the complaint or in the answer.

As to the second cause of action, plaintiff sought only injunctions, temporary and permanent, plus counsel fees. A temporary restraining order was originally granted by Judge Gourley of this court on July 1, 1970. This was followed by a lengthy hearing with respect to plaintiff's request for preliminary injunction and on August 17, 1970, Judge Gourley denied the preliminary injunction. See Midland-Ross Corp. v. Sunbeam Equipment Corp., 316 F.Supp. 171 (W.D.Pa.1970). This order was affirmed by the Court of Appeals for the Third Circuit at 435 F.2d 159 (3d Cir. 1970). By orders previously filed, we have determined that plaintiff is entitled to a trial on the merits with respect to the second cause of action, the trade secrets claim, notwithstanding a previous adverse holding in the preliminary injunction hearing by Judge Gourley and by the Court of Appeals.

We hold, however, that plaintiff is not entitled to a trial by jury with respect to the second cause of action. The second cause of action is purely equitable in nature and seeks injunctions, both preliminary and permanent, to restrain divulging of trade secrets and also seeks counsel fees and expenses.

Under the decisions of the United States Supreme Court in Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L. Ed.2d 729 (1970); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894, 8 L.Ed.2d 44 (1962), it has been conclusively held that issues in a case which historically were triable by jury prior to the adoption of the Federal Rules of Civil Procedure, are on demand still tried by jury. Those issues which are purely equitable setting forth causes of action which are properly for the equity side of the court, still remain purely equitable and are to be tried by the court without a jury. See Moore's Federal Practice § 38.09. A suit for in-

junction historically has always been tried on the equity side of the court, with no right of jury trial. The addition of the claim for counsel fees is likewise not triable by jury. See Kennedy v. Lakso Co., Inc., 414 F.2d 1249 (3d Cir. 1969).

We have no quarrel with the decision of the Tenth Circuit in Bruce v. Bohanon, 436 F.2d 733 (1971) holding that a trade secret case where there is a claim for accounting, is triable by jury. This is the same as a claim for damages. In the present case, however, plaintiff did not seek accounting but only sought injunctive relief.

For these reasons, the demand for jury trial on second cause of action must be stricken because the second cause of action is purely equitable in nature.

■ With respect to the first cause of action, this Motion for Jury Trial is clearly within the discretion of the court under Rule 38(b) in view of the lapse of 10 days for demanding a jury trial as of right.

We are cognizant of the decision of the Third Circuit, Kennedy v. Lakso Co., Inc., supra, holding that a claim for patent infringement damages is triable by jury even though equitable relief is also sought. This points out that under the patent laws, it is indicated that damages may be triable by jury. If, in this case, timely demand for jury trial had been made within the complaint or within the allotted time after an answer had been filed, we would have been compelled to grant plaintiff's right to a jury trial on the issue of damages if such claim existed.

However this may be, we do agree generally with the thinking of the Fourth Circuit in General Tire & Rubber Company v. Watkins, 331 F.2d 192, wherein it is held that ordinarily the court's discretion should not be exercised to order a jury trial in a patent case, because of the complications which it leads to.[1]

■ One other reason militates against the granting of a jury trial as a matter of discretion in this case. One of the factors to be considered in determining whether to exercise such discretion is whether a jury trial could have been demanded as a matter of right if the demand was made in the initial pleading or within 10 days after the last pleading directed to the issue in question.

■ The complaint in this case sought injunction against future infringement, counsel fees and expenses,

1. " 'The Court believes that there would be a substantial saving in time if a jury were not used. The reading of depositions and documents can largely be omitted; the Court can read them without having them read to him. Asking the jury to determine what the state of the art was and to determine whether this is an improvement or an advancement for a patent, whether it is a combination, an aggregation, whether there has been an anticipation, whether the claims are definite seems to be asking more than the ordinary experience would lead you to expect a jury would do well.

" 'Further, and this I think is a matter of extreme importance, the jury would be required to make up its mind very promptly at the end of the case, and which is a matter of great personal concern to the Court, the court will be required to give instructions substantially immediately upon the termination of the case. When the case is tried non-jury there is an opportunity for counsel to brief the matters and to have oral argument and for the Court to study the record and in many instances to reread the entire transcript and study many of the exhibits. If this were a matter of jury trial of right, of course, all these considerations, even if they are sound, would be immaterial, but since the Court has found that there is not a case of jury trial as of right, it has no doubt that the exercise of a sound discretion would lead to a denial of the motion for a jury trial where it had not previously properly been preserved.' "

and damages for past infringement. It would appear, however, that plaintiff was not entitled to damages for the past infringement. As heretofore noted, the only claim for infringement was for a single sale by defendant, Sunbeam, in 1968 of a carburizing furnace installed in a Chrysler Corporation plant. There is no allegation that plaintiff's furnaces were marked so as to give notice to the public that the article was patented together with the patent number or is there any allegation that the defendant, Sunbeam, the alleged infringer, was notified of the infringement and continued to infringe thereafter and there is no allegation of infringement subsequent to the filing of the action. Under the provisions of 35 U.S.C. § 287, it would therefore appear that plaintiff has no claim for damages resulting from the infringement and therefore could not have initially demanded a jury trial. See Filmon Process Corp. v. Sirica, 126 U.S. App.D.C. 395, 379 F.2d 449 (1967).[2]

For the above reasons, we hold that plaintiff has no right to a jury trial as to the second cause of action and the court refuses to exercise its discretion to order a jury trial as to the first cause of action.

2. There, as here, there was no evidence of giving notice of infringement, and there, as here, there was no allegation of marking of the patents. There the court concluded that there could be no action for damages in view of 35 U.S.C. § 287, supra. The court in Filmon in denying a jury trial said:

"We undertake to determine whether in our view there is a right of jury trial, and we conclude that the record before Judge Sirica does not show that petitioner has any action for damages pending, a prerequisite to a claim that it is being deprived of a right to a jury trial.

*The first count, for patent infringement, seeks an injunction, and an accounting for profits and damages. The* statute provides for damages only (1) if there is a marking giving notice to the public that the article is patented, together with patent number, or (2) if there is proof that the alleged infringer was notified of the infringement and continued to infringe thereafter. 35 U.S.C. § 287 (1964).

As to (2), the pre-trial statement sets forth, under Undisputed Facts. *'Prior to the institution of this suit, plaintiff did not give any notice to defendant of the alleged* patent infringement here claimed.' No supplemental or amended complaint has been filed alleging infringement subsequent to the filing of the action.

*As to (1) the complaint does not allege any public marking by plaintiff."*