AMERICAN FIDELITY FIRE INSURANCE COMPANY, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent;

TRANS-BAY ENGINEERS & BUILDERS, INC., Real Party in Interest.

No. 75–3096.

United States Court of Appeals, Ninth Circuit.

June 18, 1976.

Martin Quinn (argued), Pettit, Evers & Martin, San Francisco, Cal., for petitioner.

Anthony C. Piazza, Atty. (argued), of The Small Business Administration, San Francisco, Cal., for respondent.

OPINION

Before BARNES, KILKENNY * and WALLACE, Circuit Judges

WALLACE, Circuit Judge:

We are confronted with a technical yet important question pertaining to whether we should issue a writ of mandamus directing a district court to vacate an order which transferred a cross-claim to the Court of Claims. We hold that we should not.

Trans-Bay Engineers & Builders, Inc. (Trans-Bay) was the prime contractor on a low-income residential housing project in Oakland, California. American Fidelity Fire Insurance Co. (American) had issued performance bonds covering the work of four subcontractors and naming Trans-Bay as obligee. The subcontractors allegedly defaulted. After investigating the claimed defaults, American denied liability. Trans-Bay then brought suit in a California state court against American and others.

Ninety per cent of American's liability on the performance bonds in question had been

---

* Judge Kilkenny was unable to participate at the oral argument and it was stipulated by the parties that the remaining Judges on the panel could render an opinion.

guaranteed by the Small Business Administration (SBA) pursuant to 15 U.S.C. § 694b. Therefore, American brought a cross-claim against the administrator and an associate administrator of the SBA seeking declaratory relief and indemnification, claiming jurisdiction pursuant to 15 U.S.C. § 634(b)(1). *See* 15 U.S.C. §§ 694b(d), 693. The cross-defendants then removed the action to the district court pursuant to 28 U.S.C. §§ 1441 *et seq.* and filed an answer. Subsequently, the United States was substituted as the cross-defendant.

Thereafter, the government filed a motion to dismiss the cross-claim on the grounds that it failed to state a cause of action upon which relief could be granted and that the district court lacked jurisdiction. The government first contended that it had not waived its immunity to be sued in the state or district court. The government next argued that jurisdiction to hear the claim would vest, if anywhere, exclusively in the Court of Claims pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491 because the cross-claim sought damages in excess of $10,000.

American responded that the cross-claim was properly brought in the state court and properly removed by the SBA to the district court pursuant to a federal statute providing that the SBA administrator may

> sue and *be sued in any court of* record of *a State having general jurisdiction, or in any United States district court,* and *jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy;* but no attachment, injunction, garnishment, or similar process, mesne or final, shall be issued against the Administrator or his property . . . .

15 U.S.C. § 634(b)(1) (emphasis added).

The district court concluded that it was without jurisdiction because the claim was in excess of $10,000. The district judge noted that his decision would be the same even if the SBA administrators were still involved as cross-defendants.[1]

Rather than have its cross-claim dismissed, American requested and the district court agreed to transfer the claim to the Court of Claims pursuant to 28 U.S.C. § 1406(c). It is this transfer that American seeks to have vacated by petitioning this court for a writ of mandamus or prohibition. Although tempted to discuss the interesting jurisdictional question whether the district court had power to hear the cross-claim, we are constrained to determine first the threshold question whether a writ of mandamus will lie.

## I

■ Necessarily, we begin with our jurisdictional basis, the All Writs Statute. 28 U.S.C. § 1651. This statute authorizes us to issue any writ necessary in the aid of our appellate jurisdiction. It is true that presently we do not have appellate jurisdiction of this case apart from the petition for mandamus. However, we may also issue writs in aid of our prospective jurisdiction. As stated by the Supreme Court:

> As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction. Its authority is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected. Otherwise the appellate jurisdiction could be defeated and the purpose of the statute authorizing the writ thwarted by unauthorized action of the district court obstructing the appeal.

---

1. The substitution of the United States for the administrators was ordered pursuant to a stipulation requested by the government. In its letter of request, the government assured American that the substitution "is merely a routine procedure followed by the Government." The government represented during oral argument that it would not contend for any advantage pursuant to that stipulated substitution and thus to the extent it may be material, we may treat the cross-defendant as including the SBA administrators.

*Roche v. Evaporated Milk Association,* 319 U.S. 21, 25, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). Thus, there is no impediment to issuance of the writ due to lack of present appellate jurisdiction.

However, there is another statutory restriction: we may issue writs only if it is "agreeable to the usages and principles of law." 28 U.S.C. § 1651. While the boundaries of this restriction are not always clear, the Supreme Court has given general guidance:

> The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.

*Roche v. Evaporated Milk Association, supra,* 319 U.S. at 26, 63 S.Ct. at 941; *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, at 352, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

■ ▇ American focuses its argument on the second part of this general rule. It argues that the district court had a duty to exercise jurisdiction over the cross-claim and had no power to transfer the case out of its jurisdiction pursuant to 28 U.S.C. § 1406(c). Since it had no power to transfer the case, American argues that the court repudiated its duty and acted outside of its jurisdiction. Moreover, the parties do not dispute that the transfer of the case is an interlocutory order which is nonappealable, *see* 28 U.S.C. § 1291, and thus immediate review may be accomplished only by a writ of mandamus.

▇ American's contentions, however, miss the mark. The critical question before us is whether American has chosen the proper road to appellate review. "[W]hile a function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal, it may not appropriately be used merely as a substitute for the appeal procedure prescribed by the statute." *Roche v. Evaporated Milk Association, supra,* 319 U.S. at 26, 63 S.Ct. at 941. This is especially true where, as here, the issue involves "jurisdictional questions which [the district court] was competent to decide and which are reviewable in the regular course of appeal." *Id.; accord, United States Alkali Export Association, Inc. v. United States,* 325 U.S. 196, 202–03, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945); *cf. Ex parte Railway Co.,* 103 U.S. 794, 26 L.Ed. 461 (1881).

Therefore, the issue before us is not whether the district court was in error, but whether the jurisdictional decision was so far afield that a writ of mandamus, rather than appeal, is a permissible method of review. Our brothers of the Third Circuit have enunciated a test which appears to us to be helpful in the case now before us:

> The challenged assumption or denial of jurisdiction must be so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine. If a rational and substantial legal argument can be made in support of the questioned jurisdictional ruling, the case is not appropriate for mandamus . . . even though on normal appeal a reviewing court might find reversible error.

*American Airlines, Inc. v. Forman,* 204 F.2d 230, 232 (3d Cir. 1953) (writ to review allegation of erroneous retention of jurisdiction of suit within Civil Aeronautics Board primary jurisdiction denied); *accord, Pfizer, Inc. v. Lord,* 522 F.2d 612, 615 (8th Cir. 1975), *cert. denied,* 424 U.S. 950, 96 S.Ct. 1421, 47 L.Ed.2d 356, 44 U.S.L.W. 3494 (1976) (quoting *Forman*) (writ to review jurisdiction over foreign governments under the Clayton Act denied). Pursuant to this test, we must make some observations pertaining to the merits of the district court's jurisdiction in order to determine whether the district judge had a rational and substantial argument in support of his decision.

American argues that when Congress permitted the SBA administrator to "sue and be sued" in state court, 15 U.S.C. § 634(b)(1), it waived the government's sovereign immunity and created a forum in the state courts. The district court then re-

ceived proper jurisdiction on removal. On the other hand, the government argues that Congress has established a comprehensive scheme to handle claims against the government, requiring all claims for damages in excess of $10,000 to be brought in the Court of Claims. 28 U.S.C. §§ 1346(a)(2), 1491. The government argues that the clause "without regard to the amount in controversy" in section 634(b)(1) modifies only the minimum amount in controversy requirement for a district court's jurisdiction found in 28 U.S.C. § 1331 and not the jurisdictional rule that claims in excess of $10,000 may be brought only in the Court of Claims.

■ While we might well decide the case differently if it were before us on appeal, we cannot conclude that there is no rational and substantial legal argument in support of the district court's decision.

## II

Nor is this result inconsistent with the reasoning of *Thermtron Products, Inc. v. Hermansdorfer, supra,* 423 U.S. 336, 96 S.Ct. 584. There the Court issued a writ of mandamus to correct a remand order resting on grounds "not authorized by the removal statutes" and thus "having no warrant in the law." 423 U.S. at 353, 96 S.Ct. at 594. But here the district court transferred the case because it found the Court of Claims to have exclusive jurisdiction pursuant to the statutory standard set out in 28 U.S.C. § 1406(c).

The other exceptions to the general rule that writs should not be granted to correct errors which would otherwise be reviewable on appeal after final judgment are not applicable here. American's cross-claim does not involve a question of serious public importance as in *Ex parte Republic of Peru,* 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014 (1943). Nor is the transfer of American's cross-claim to the Court of Claims one of many such transfers in persistent disregard of settled rules. *See La Buy v. Howes*

*Leather Co.,* 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); *see also McDonnell Douglas Corp. v. United States District Court,* 523 F.2d 1083 (9th Cir. 1975), *petition for cert. filed,* 44 *U.S.L.W.* 3419 (U.S. Jan. 2, 1976) (No. 75–934). Lastly, the district court's order does not act to thwart a significant congressional policy in having certain actions investigated in special forums. *See United States Alkali Export Association, Inc. v. United States, supra,* 325 U.S. at 203–04, 65 S.Ct. 1120.

American next argues that two of our prior cases dictate that the writ should issue, citing *Pacific Car & Foundry Co. v. Pence,* 403 F.2d 949 (9th Cir. 1968), and *Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777 (9th Cir. 1950). However, those cases involved determinations of the suitability of a transfer of venue for the convenience of parties pursuant to 28 U.S.C. § 1404(a). Such determinations rely heavily on factual inquiries concerning the ease of access to witnesses and to other evidence, and the convenience to parties. *Cf.* 1 J. Moore, Federal Practice ¶ 0.147, at 1710 n.58 (2d ed. 1975).

When a district court rules on a venue change motion totally at odds with the relevant facts, it may make sense to review the decision on the basis whether it is clearly erroneous or an abuse of discretion. For example, in *Pacific Car,* where a writ of mandamus was issued to compel a venue transfer, there was little connection between the forum on the one hand and the parties and the evidence on the other. The plaintiff, an Australian corporation, had brought an antitrust suit against a Washington corporation in the district of Hawaii, a district in which neither party had substantial contacts. 403 F.2d at 955. The court also emphasized that there would be special hardship if a long antitrust case with voluminous documentary evidence and many witnesses had to be retried. *Id.* at 953. The cross-claim before us does not pose such problems.[2]

---

**2.** Furthermore, the broad language of *Pacific Car* indicating that attacks on inconvenient venue pursuant to section 1404(a) will be liber-

ally reviewed by writs of mandamus, 403 F.2d at 952, has since been explicitly limited. In *Kasey v. Molybdenum Corp. of America,* 408

## III

Finally, American contends that mandamus is required in order to prevent manifest hardship. It contends that the cross-claim will now be litigated in a foreign forum and, if its defense of improper transfer is meritorious, it will then be required to relitigate the claim in the district court. It then argues that this hardship coupled with the challenged jurisdictional question dictates issuance of the writ pursuant to *Pacific Car & Foundry Co. v. Pence, supra.*

 When arbitrary or set rules are established for the orderly administration of justice, there will be times when the required course is neither the smoothest nor the most convenient. In establishing the general rule that only final judgments are reviewable, Congress contemplated that some individual convenience would be sacrificed for the greater overall effectiveness and efficiency of the appellate process. Thus, not every hardship to a litigant warrants issuance of the writ. *Roche v. Evaporated Milk Association, supra,* 319 U.S. at 30, 63 S.Ct. 938. Even though we have power to grant the writ, the power is discretionary and wisdom dictates a thorough examination of all the facts to be sure that issuance is appropriate. *Id.* at 25–26, 63 S.Ct. 938.

Here, the hardship appears to be neither untoward nor concrete.[3] More importantly, it appears that American brought the mischief upon itself. It was not satisfied with a dismissal of its cross-claim which could

have been reviewed on direct appeal pursuant to 28 U.S.C. § 1291. Rather, it was American which importuned the district court to order the transfer to the Court of Claims. There was thus a deliberate bypass of the opportunity for a direct appeal of the jurisdictional issue. The option of review by petition for mandamus is not now open to American. As the Supreme Court has stated:

> [I]t is established that the extraordinary writs cannot be used as substitutes for appeals, . . . even though hardship may result from delay and perhaps unnecessary trial . . . ; and whatever may be done without the writ may not be done with it. . . . We may assume that, as petitioner contends, the order of transfer defeats the objective of trying related issues in a single action and will give rise to a myriad of legal and practical problems as well as inconvenience to both courts; but Congress must have contemplated those conditions in providing that only final judgments are reviewable.

*Bankers Life & Casualty Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).

 American complains that the propriety of the transfer order can now be reviewed only by the Supreme Court, 28 U.S.C. § 1255, and that the possibility of a writ of certiorari being issued to the Court of Claims is remote. On the other hand, a venue transfer between district courts in different circuits pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) can be reviewed as a

---

F.2d 16, 19–20 (9th Cir. 1969), we declined to issue a writ to review a denial of a section 1404(a) venue transfer. We stated that there is no abuse of discretion when a district court has reached a well-reasoned decision on the basis of evaluating the issues listed in section 1404(a).

We further elaborated upon *Kasey* in *A. J. Industries, Inc. v. United States Dist. Court,* 503 F.2d 384 (9th Cir. 1974). There we held that neither a written nor an oral opinion considering the appropriate factors under the transfer statute was necessary, if the record as a whole shows that the factors were considered. 503 F.2d at 389. *See also Westinghouse Elec. Corp. v. Weigel,* 426 F.2d 1356 (9th

Cir. 1970); *Northern Acceptance Trust 1065 v. Gray,* 423 F.2d 653 (9th Cir.), *cert. denied,* 398 U.S. 939, 90 S.Ct. 1844, 26 L.Ed.2d 272 (1970).

3. The cross-claim for indemnification against the government is dependent on American's being found liable to Trans-Bay on the surety bonds in the district court action. American has not satisfied us that it would be prejudiced in any way by waiting until its liability on the bonds is determined by the district court before pursuing its cross-claim in the Court of Claims. The only claims it has against the government which are not dependent on the outcome in the district court are for comparatively trivial investigative expenses.

matter of right in a court of appeals.[4] Thus, argues American, the writ process is necessary in order to achieve some degree of parity between the reviewability of transfers to the Court of Claims under section 1406(c) on the one hand and venue transfers under sections 1404(a) and 1406(a) on the other. While there may well be a disparity in opportunity for review, American is not in a position to complain when it chose to follow the course where the review is discretionary rather than a matter of right.

### IV

One additional point, obliquely referred to once by American in its supplementary brief, should be mentioned: that the transfer will result in the claim being tried without a jury and is therefore improper. The record does not reflect whether a jury was demanded in the state or district court so we are not in a position to assess whether American has suffered any prejudice. Had such a showing been made, American would have had an arguable point. *See Ex parte Skinner & Eddy Corp.,* 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 (1924); *Ex parte Peterson,* 253 U.S. 300, 305–06, 40 S.Ct. 543, 64 L.Ed. 919 (1920); *Ex parte Simons,* 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094 (1918). It is true that the issue of American's right to a jury trial will never be reviewed except by means of an extraordinary writ. But once more, the undeniable truth is that American brought this situation upon itself by requesting the transfer to the Court of Claims.

### PETITION DENIED.

4. On appeal from a final judgment we may exercise our appellate jurisdiction to review a district court's transfer order, even if the transferor court is not within our circuit. *See Gulf Research & Dev. Co. v. Harrison,* 185 F.2d 457, 459 (9th Cir. 1950); *Magnetic Eng'ring. & Mfg. Co. v. Dings Mfg. Co.,* 178 F.2d 866 (2d Cir. 1950) (limiting review to transferee circuit).

Other circuits, however, respect spheres of autonomy. *E. g., Purex Corp. v. St. Louis Nat'l Stockyards Co.,* 374 F.2d 998 (7th Cir.), *cert. denied,* 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967) (review of intercircuit transfer order may be had only by a writ in the circuit court having jurisdiction over the transferor district court); *accord, Preston Corp. v. Raese,* 335 F.2d 827 (4th Cir. 1964).