**A. J. INDUSTRIES, INC., a Delaware corporation, Petitioner,**

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent.**

No. 73–3584.

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1974.

Jeffrey D. Jennings (argued), Bodkin, Breslin & Luddy, Los Angeles, Cal., for petitioner.

R. Clark Wadlow (argued), Washington, D.C., for real party in interest.

Before CARTER and TRASK, Circuit Judges, and NEILL,* District Judge.

OPINION

NEILL, District Judge:

Petitioner filed this petition for a Writ of Mandamus or Prohibition requesting this Court to direct respondent to vacate its order transferring petitioner's suit against Chesapeake Industries, Inc. to the District of Delaware. In support of the petition it is contended Delaware is not a district where the action "might have been brought" under 28 U.S.C. § 1404(a). Further, that even if an ability to raise the subject matter of the lawsuit by counterclaim in the transferee district is generally sufficient to satisfy the statute, transfer would be improper in this instance as A.J. could only have made such a counterclaim in Delaware with leave of the court. Further, petitioner asserts that respondent should not have considered the pendency of the Delaware action in deciding the transfer motion. The final contention is a claim that respondent abused its discretion in granting the motion to transfer.

In August, 1971, petitioner and Chesapeake Industries, Inc. entered into an agreement for the sale by petitioner to Chesapeake of the shares of Jessup Door Company, a wholly-owned subsidiary of petitioner. Chesapeake gave petitioner a promissory note for the purchase price. Apparently Chesapeake encountered financial difficulties and in March, 1973, petitioner and Chesapeake allegedly entered into a merger agreement. In May, 1973, A.J. filed an action in the Central District of California for a declaratory judgment that it had properly terminated the merger agreement. The action was dismissed on July 31, 1973.

On May 18, 1973, Johnson et al. v. A. J. Industries, Inc. (hereinafter referred to as "the Delaware action") was filed in the District of Delaware. That action was brought by Chesapeake and its Chairman of the Board on behalf of Chesapeake and its stockholders. Peti-

---

* Honorable Marshall A. Neill, United States District Judge, Eastern District of Washington, sitting by designation.

tioner herein, defendant in the Delaware action, answered the complaint on September 5, 1973. Petitioner also filed a counterclaim which did not include the subject matter of the California action. Reply to the counterclaim was filed on September 24, 1973.

The action from which this petition arises, A.J. Industries, Inc. v. Chesapeake Industries, Inc. (the "California action") was filed on September 13, 1973 in the United States District Court for the Central District of California. This action alleges defaults under a note and breach of the merger agreement and sought rescission of the Jessup sale agreement and restitution of the Jessup stock.

On December 3, 1973 the District Court granted Chesapeake's motion to transfer and on December 13 refused to certify the order for interlocutory appeal. On December 18, 1973 a stay of transfer was refused. Finally, on December 21, 1973 this petition was filed and a stay of transfer was ordered by a judge of this court.

■ Although Chesapeake does not contest the point, it should be noted that we have previously held that mandamus is appropriate to review the question of whether a transferee district was one where an action "might have been brought". Shapiro v. Bonanza Hotel Co., 185 F.2d 777 (9th Cir. 1950). In Kasey v. Molybdenum Corp. of America, 408 F.2d 16 (9th Cir. 1969), we held mandamus will lie to review the question of whether a trial court abused its discretion under 28 U.S.C. § 1404(a). See also Northern Acceptance Trust 1065 v. Gray, 423 F.2d 653 (9th Cir. 1970). As for the contention that respondent considered improper factors in making the statutory determination, we merely hold that mandamus is an appropriate remedy when such a contention is closely intertwined with other contentions reviewable on a petition for a Writ of Mandamus. See generally, § 9 of anno. at 2 A.L.R. Fed. 573.

Petitioner's first contention is that under the Supreme Court's construction of 28 U.S.C. § 1404(a) in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L. Ed.2d 1254 (1960) the District Court lacked the power to transfer this case to the District of Delaware. Chesapeake asserts that Hoffman should not be given a liberal interpretation and the ability to raise the subject matter of the California suit by way of counterclaim in the Delaware action is sufficient to meet the requirements of the statute.

In Hoffman v. Blaski, supra, the Supreme Court held that an action must have been capable of having been brought in the transferee district by the plaintiff independently of the wishes of the defendant. The Court further held that the posture of the case at the time of filing in the transferor district is determinative of whether the action was one which "might have been brought" in the proposed transferee district.

The parties are in agreement that petitioner could not have brought the California action in Delaware as Chesapeake was not amenable to process in that jurisdiction. See Shapiro v. Bonanza Hotel Co., supra, and Foster-Milburn Co. v. Knight, 181 F.2d 949 (2d Cir. 1950). Nevertheless, Chesapeake contends the action is transferable as it was instituted less than one week after petitioner herein filed its answer in the Delaware case and could, therefore, have raised the subject matter of the California action by way of counterclaim in the Delaware action.

To decide this question it is necessary to examine the statute and Hoffman in light of the policy considerations behind each.

■ The statute was apparently designed as an attempt to statutorily embody and modify the doctrine of forum non conveniens. See Kaufman, Observations on Transfer Under Section 1404(a) of the New Judicial Code, 10 F.R.D. 595, for an early analysis of the statute. The statute allows a transfer "for the convenience of parties and witnesses" to any other district or division "where it might have been brought". The transfer must also be "in the inter-

ests of justice". The statute has been the subject of much litigation and several respected sources have called for its revision. *See* Wright, Law of Federal Courts, 2d Ed. (1970), § 44 at 170; 7 A.L.R. Fed. 20. Most of the criticisms are directed at the "where it might have been brought" phrase which many consider to be unnecessary in view of the broad scope of in personam jurisdiction and the requirement that a transfer must be "for the convenience of parties and witnesses and "in the interests of justice".

The utility of the statute was reduced by the holding in Hoffman v. Blaski, *supra*, that the action to be transferred must have been capable of having been brought independently of the wishes of the defendant. One of the major considerations in *Hoffman* was the fear that were the statute to be less rigidly construed, a defendant could take an unwilling plaintiff to a distant forum with which he was unfamiliar. This reasoning was forcefully attacked by Justice Frankfurter in his dissent in Sullivan v. Behimer, 363 U.S. 351, 80 S.Ct. 1084 (1960), a companion case to *Hoffman*. Justice Frankfurter demonstrated that this fear was largely unfounded because of the statutory requirements that a transfer be "in the interests of justice" and "for the convenience of parties and witnesses".

The contention that the right to raise the subject matter of the suit by way of counterclaim in the transferee district meets the statutory requirement is one of first impression in the Courts of Appeals. Several District Courts have considered this problem, but only two have reached a decision on this point. In Foster-Wheeler Corp. v. Aqua-Chem Corp., D.C., 277 F.Supp. 382 (1967) a transfer was denied where the plaintiff in the transferor district was not a party to the action in the transferee district, although it was linked to the defendant in that district by a chain of indemnity agreements. A more recent case, Leesona Corp. v. Duplan Corp., D. C., 317 F.Supp. 290 (1970), allowed a

transfer in a situation similar to the one at issue. The District Court took note of *Foster-Wheeler* but found that such a result was required by neither *Hoffman* nor the statute.

■ We believe the better course of action is to hold that the ability to raise the subject matter of a suit in the transferor district by counterclaim in the transferee district will, as a general proposition, satisfy the "where it might have been brought" requirement of 28 U.S.C. § 1404(a). Hoffman v. Blaski, *supra*, has been subject to well-founded criticism and there appears to be no reason to extend it unnecessarily. A plaintiff is amply protected by the statutory requirements that a transfer be for the convenience of the parties and in the interest of justice. An additional protection is that the determination of transferability must still be made as of the time of filing of the action in the transferor district. Hoffman v. Blaski, *supra*. This requirement obviates the possibility of a defendant subsequently filing suit in another district and then requesting a transfer to that district. Finally, this result is not inconsistent with many of the policy considerations behind *Hoffman*. The raising of an issue by counterclaim of course requires that a plaintiff already be present in the transferee district. This minimizes the possibility that a plaintiff will unwillingly be sent to a district with which he is unfamiliar.

Petitioner next contends that *Hoffman* still requires the granting of the Writ as it could not have raised the subject matter of the California action by counterclaim without leave of the Court. This is alleged to contravene the requirement of Hoffman v. Blaski, *supra*, that a plaintiff must be able to raise the subject matter independently of the wishes of the defendant.

The basis for petitioner's argument is that it answered the Delaware action several days before it filed the California action; and the addition of a counterclaim not filed with an Answer is

governed by Rule 13(f) of the Federal Rules of Civil Procedure requiring leave of court to file an omitted counterclaim. Conversely, Chesapeake contends that Rule 15(a) gives petitioner an unqualified right to amend his pleadings in the Delaware action at the time of the filing of the California action.

There is little authority on the question of whether Rule 13(f) exclusively governs the addition of counterclaims or whether Rule 15(a) is also applicable. In Stoner v. Terranella, 372 F.2d 89, 91 (6th Cir. 1967) the Sixth Circuit held that leave to add omitted counterclaims was governed exclusively by Rule 13(f). Several lower courts have also considered this problem and have followed the *Stoner* result. Butler v. Poffinberger, 49 F.R.D. 8, 10 (D.C.W.Va.1968), Exchange National Bank of Chicago v. Abramson, 45 F.R.D. 97 (D.C.Minn. 1968), Goldlawr, Inc. v. Shubert, 268 F. Supp. 965, 971 (E.D.Penn.1967).

There are several potential resolutions of the conflict between Rules 13(f) and 15(a). We could follow the last cited cases and hold that only Rule 13(f) applies. However in those cases the courts were not faced with the question of whether a counterclaim could have been added as a matter of right before a responsive pleading had been filed. In each of those cases the responsive pleading had been filed and the parties were seeking to come under the portion of the rule that requires leave of the court. Where a responsive pleading had not yet been filed we see no reason why Rule 15(a) should not apply with Rule 13(f) coming into force after the filing of the responsive pleading. This result, proposed by Professors Wright & Miller at 159, § 1430 of 6 Federal Practice and Procedure (1971), reconciles the conflict and is consistent with the reasoning of the above cases that Rule 13(f) establishes the standards for discretionary amendment of counterclaims.

■ Thus, even if Hoffman v. Blaski, *supra,* required petitioner to have an absolute right to raise the subject matter of the transferred suit by counterclaim

to an action in the transferee forum, transfer would be proper in this instance. The best route to this result is the holding that an absolute right to raise the matter by counterclaim is unnecessary. Although we could base our decision on our opinion that petitioner had a right under Rule 15(a) to raise the subject matter by counterclaim, we choose not to do so as it has several undesirable ramifications. Were we to establish such a rule, a court would be required to examine the status of the pleadings, the local rules of the proposed transferee district, and the law of the proposed transferee circuit as to whether Rule 13(f) or 15(a) applies. This result is most undesirable as only the Sixth Circuit has attempted to reconcile the two rules. Thus a District Court would have to guess as to the law of another Circuit and the lawsuit could be unduly delayed if the transferee Circuit disagreed with the construction made by the transferor court. Until the conflicting interpretations were resolved by the Supreme Court the statute could be converted into a vehicle for additionally delaying lawsuits. As this result is neither necessary nor desirable we choose to base our holding on our interpretation that a plaintiff need not have an absolute right to raise the subject matter of a transferred suit by way of counterclaim in an action in the transferee forum before a suit may be transferred.

The ability to raise the subject matter of the transferred suit by counterclaim in a pending action in the transferee forum is significant because it insures that a plaintiff will not be transferred to a forum where it has not already appeared and is not already engaged in litigation with the defendant. Whether or not the subject matter could in fact have been raised by counterclaim is relatively unimportant as it affords no additional protection for a plaintiff and does not reflect the realities of the litigation as there will be two suits pending in the transferee forum unless consolidation is ordered. The statute does not require that a plaintiff have an absolute right to originate an action in the transferee fo-

rum and we hold that it is sufficient if the subject matter of the transferred suit could have been raised by counterclaim with leave of the court. To be sure, this represents a very narrow reading of the Hoffman v. Blaski, *supra,* requirement that an action may only be transferred to a district where a plaintiff had a right to bring an action. We believe that experience and criticism of this requirement by respected sources such as the American Law Institute [1] and Professor Wright [2] demonstrate that it is unwise to read Hoffman as requiring that in every case a plaintiff must have had an *absolute* right to raise the subject matter of the transferred suit by counterclaim in an action in the transferee forum. Furthermore, such a rule prevents the occurrence of the situation where a defendant could deliberately omit a counterclaim from an answer and thereby prevent a transfer to that forum.

Petitioner further contends that the District Court considered an improper factor in reaching its decision to transfer the action. It is claimed that the possibility of consolidating the transferred action with the Delaware action was a factor in the court's decision, whereas, in fact, the two actions could not be consolidated.

■ Under Rule 42(a) of the Federal Rules of Civil Procedure consolidation is discretionary. The feasibility of consolidation is a significant factor in a transfer decision, Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties. Schneider v. Sears, 265 F. Supp. 257 (1967), Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (1962). To hold that the pendency of an action between the parties in another district could not be considered unless the action

could be consolidated would unnecessarily limit the factors that should be considered in making a transfer determination and would require a good deal of speculation by the transferor court as to whether or not consolidation would be possible. We refuse to so hold and reject this assignment of error.

The final contention is that the District Court abused its discretion in granting the transfer motion. Petitioner contends the failure to issue an opinion, written or oral, stating the reasons for transfer, combined with other factors demonstrates an abuse of discretion.

■■ If it appears from a well-reasoned discussion that the District Court considered the appropriate factors under the transfer statute a written opinion is not necessary. Kasey v. Molybdenum Corp. of America, *supra.* Even an oral opinion is unnecessary if the record as a whole demonstrates that the factors were considered. Westinghouse Electric Corp., v. Weigel, 426 F.2d 1356 (9th Cir. 1970). Furthermore, as petitioner did not question in the District Court the failure to issue an opinion, the failure will not be reviewed as an alleged error but only as a factor indicating an abuse of discretion. Westinghouse Electric Corp. v. Weigel, *supra.*

■ While an opinion stating the reasons for the resolution of such an important motion is highly desirable, we cannot find that the District Court abused its discretion by failing to state its reasons. The briefs and transcript of hearing indicate that all the issues were presented to the District Court and that the Court took ample time to consider them. Thus, there was no abuse of discretion.

It appearing that the Petition for a Writ of Mandamus or Prohibition should be denied, it is ordered that the Petition is dismissed and the stay of Transfer dissolved.

---

1. Study of the Division of Jurisdiction between State and Federal Courts (1969).

2. Law of Federal Courts, 2d Ed., 1970, § 44.