960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SHANNON, Plaintiff-Appellant,
v.
Mark HANSEN, individually and officially, Defendant-Appellee.
 No. 90-15856.
 United States Court of Appeals, Ninth Circuit.
 April 15, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Shannon, a Nevada state prisoner, filed two section 1983 actions claiming deprivation of constitutional rights in the manner that the prison mailroom handled certain letters sent to him. The District Court consolidated Shannon's cases with two other inmate mail cases because the issues were similar.
 
 
 3
 The Magistrate examined the prison regulations, and determined that they were not violated, nor was the Constitution violated by the procedure which, according to the undisputed evidence, the prison used. He accordingly recommended that the district judge grant the defendants' motions for summary judgment, and the district court did so.
 
 
 4
 On appeal, Shannon raises three issues: (a) his case was improperly consolidated with two other cases; (b) a prison letter notifying Shannon that his mail was returned was improperly admitted for lack of proper foundation; and (c) prison officials violated his due process rights by failing to inform him why his mail had been returned.
 
 
 5
 The Magistrate found that there was no genuine issue as to the following facts. On December 1, 1987, Shannon's mother sent him a letter that was later returned to her stamped "return to sender unauthorized." The defendants on duty in the mailroom, Zimmerman and Strochio, have no recollection of the letter in question, but submitted affidavits stating that they had followed all departmental regulations involving the handling of inmate mail.
 
 
 6
 On December 29, 1987, Shannon's mother mailed him another letter. This letter was labeled "legal mail." Because it did not come from any "recognized legal source," defendant Hansen opened it, and discovered blank legal forms and a letter from an inmate at another Nevada prison. Hansen returned the mail to the sender because Shannon did not have prior approval, required by prison regulations, to correspond with other inmates. Hansen informed Shannon of his actions.
 
 
 7
 The court provided in its consolidation order that parties had ten days to object, and Shannon did not, so he waived any objection he might have had. Even if Shannon did not waive his right to object, the consolidation was not improper. The cases consolidated all involved mail censorship in the same prison mailroom by the same people according to the same regulations, and Shannon has not demonstrated any prejudice to him from consolidation. We see no abuse of discretion. See Fed.R.Civ.P. 42(a); A.J. Industries v. United States District Court, 503 F.2d 384, 389 (9th Cir.1974) (consolidation of cases reviewed for abuse of discretion).
 
 
 8
 Shannon also argues that a "notice" letter was improperly admitted into evidence. Presumably this was his official notice pursuant to Administrative Regulation # 750(V)(D) that his mail had been returned. The court minutes reflect that the only exhibit admitted was this notice, and that "[a]ll parties agree that the facts solicited are correct." Shannon has failed to show any abuse of discretion in the admission of this document, and none is apparent on the record. See Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988) (evidentiary rulings reviewed for abuse of discretion). Since there was no trial, the applicable standards would be those for evidence cognizable under Federal Rule of Civil Procedure 56, and no violation has been shown. The "all parties agree" notation in the court minutes suggests that any evidentiary objection was waived. It would have been Shannon's burden, in any event, to establish by cognizable evidence the existence of a genuine issue of material fact.
 
 
 9
 Finally, Shannon claims in the "Was the district court wrong?" section of his brief that "the state, in not providing any certificate alleging the proper notification of the appellant left the court with little choice but to find for the appellant...." We are not sure what he means, but take this as a reference to the argument in his "what issues are you raising on appeal" section of his brief, that the court erroneously admitted insufficiently authenticated documents. We decide above that exhibit A, the "notice re unauthorized mail from NNCC mail to J. Shannon," was properly admitted, so this contention is without merit.
 
 
 10
 Shannon argued before the Magistrate that the defendants should have held his mail until he had obtained a decision on his appeal of the prison censorship of the particular piece of mail, under Administrative Regulation # 750(V)(F). The Magistrate decided that issue against Shannon, and the District Court adopted the Magistrate's decision. Shannon does not refer to this issue in his appeal, either in the "Was the district court wrong" or the "What issues are you raising on appeal?" sections of his brief, so we have no occasion to rule upon it.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3