**POLARIS POOL SYSTEMS, Plaintiff,**

v.

**LETRO PRODUCTS, INC., Defendant.**

No. CV–94–7747 JMI (Bx).

United States District Court,
C.D. California.

March 13, 1995.

John E. Kelly, Janine R. Novatt, Stuart O. Lowry, Kelly Bauerfeld & Lowry, Woodland Hills, CA, for plaintiff Polaris Pool Systems Inc., ·a Delaware Corporation.

Gary A. Clark, Pretty Schroeder Brueggeman & Clark, Los Angeles, CA, for defendant Letro Products Inc., a California Corporation.

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FIRST AMENDED ANSWER OR STRIKE DEFENDANT'S COUNTERCLAIMS

## ORDER TO SHOW CAUSE RE IMPROPER SUPPLEMENTAL JURISDICTION OVER STATE–LAW COUNTERCLAIMS

IDEMAN, District Judge.

**IT IS HEREBY ORDERED:**

Plaintiff POLARIS POOL SYSTEMS, INC.'s (hereinafter "Polaris") Motion for Order Dismissing Defendant's First Amended Answer, or, Alternatively, Striking Counterclaims came before this Court for review on February 27, 1995. After careful consideration, the Court hereby DENIES plaintiff's motion. However, defendant LETRO PRODUCTS, INC. (hereinafter "Letro") is ORDERED TO SHOW CAUSE why its state-law counterclaims should not be dismissed for improper supplemental jurisdiction.

### BACKGROUND

Polaris has sued Letro under federal law for infringement of trademark registration, false designation of origin, and false repre-

sentation, and under California law for trademark/trade dress infringement, unfair competition and an accounting. Polaris' claims are based on the alleged similarities between Polaris' pool cleaner, the Model 180, and Letro's new "Legend" pool cleaner. Polaris alleges similarities in the products' configurations and blue and white color schemes. This Court denied Polaris' motion for preliminary injunction in February 1995.

Polaris filed its complaint on November 16, 1994 and served Letro on November 17, 1994. Letro filed an answer and served Polaris by mail on December 6, 1994. Subsequently, Letro filed an amended answer, adding three federal counterclaims and four state-law counterclaims, and served Polaris by mail on December 27, 1994. Polaris now brings this motion to strike the amended answer, or alternatively, to strike solely the counterclaims, on the grounds that Letro needed leave of the Court to file its counterclaims. In the alternative, Polaris seeks to have only certain counterclaims stricken for either failure to state a claim upon which relief can be granted or improper supplemental jurisdiction.

## DISCUSSION

### I. Federal Rules of Civil Procedure 13(f) and 15(a)

■ Polaris contends that pursuant to Federal Rule of Civil Procedure 13(f), Letro was required to obtain permission from the Court before filing its counterclaims. Rule 13(f) provides that permission is needed "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires."[1] Letro argues that Federal Rule of Civil Procedure 15(a) applies instead of Rule 13(f). Rule 15(a) permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served" or within twenty (20) days after the original pleading is served if no responsive pleading is permitted.

In *A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384, 388 (9th Cir. 1974), the court held that "[w]here a responsive pleading had not yet been filed we see no reason why Rule 15(a) should not apply with Rule 13(f) coming into force after the filing of the responsive pleading." In this case, a responsive pleading to Letro's original answer was not permitted. Applying *A.J. Industries* by analogy, Federal Rule of Civil Procedure 15(a) controls, and Letro had twenty (20) days to file an amended answer without the Court's permission. Taking account of the court holiday, Letro properly filed its amended answer within the twenty-day period. Therefore, the Court denies Polaris' motion to dismiss the answer and will not strike Letro's counterclaims on this basis.

### II. Failure to State a Claim Upon Which Relief Can Be Granted

Polaris also moves to dismiss the second counterclaim for intentional interference with prospective economic advantage and the fifth counterclaim for intentional interference with the right to pursue a lawful business for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). While Letro has not provided detailed descriptions of the causes of action, each cause of action incorporates the underlying facts. Those facts suggest a foundation for Letro's counterclaims. A court should not dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Therefore, at this stage, the Court will not strike Letro's counterclaims on this basis.

### III. Supplemental Jurisdiction

■ In the alternative, Polaris challenges the counterclaims on the grounds of improper supplemental jurisdiction. Polaris con-

---

**1.** Federal Rule of Civil Procedure 13(e) provides that a party needs permission to file a counterclaim which "either matured or was acquired" after serving the answer. However, in this case, defendant appears to have been aware of the facts underlying the counterclaims at the time the original answer was served. Thus, Rule 13(e) is irrelevant to the present case.

tends that Letro's second and fifth counterclaims should be dismissed because they are not part of "the same case or controversy" as this case's federal claims.

These counterclaims are probably compulsory counterclaims, see Fed.R.Civ.P. 13(a), because they appear to arise out of the same transaction or occurrence as Polaris' claims, namely the marketing of the parties' pool cleaners. Even if they are permissive counterclaims, see Fed.R.Civ.P. 13(b), they are based on the same facts as Letro's federal counterclaims. Thus, the state-law counterclaims "form part of the same case or controversy" as either (or both) Polaris' federal claims and Letro's federal counterclaims. This is sufficient to confer supplemental jurisdiction under 28 U.S.C. § 1367(a). Thus, the Court will not strike these counterclaims on this basis. Plaintiff's motion to strike any or all of defendant's counterclaims is denied.

## IV. *Order to Show Cause Re Improper Supplemental Jurisdiction*

■ Polaris has raised another issue, however, which suggests that supplemental jurisdiction may be improper. With its reply, Polaris provided a copy of the complaint in *Letro Products, Inc. v. Melvin L. Henkin, et al.,* BC 115500, an action apparently pending in the Superior Court for the State of California, County of Los Angeles. *See* Second Declaration of John E. Kelly, Esq. in Support of Plaintiff's Motion for Order Dismissing Defendant's First Amended Answer, or, Alternatively Striking Counterclaims, Exh. B. Polaris maintains that this action has only recently come to its attention. According to Polaris, in this action, Letro is suing Polaris and the developers of the now-expired patents for the Polaris Model 180 for interference with prospective economic advantage and unfair competition on facts similar to the ones underlying Letro's counterclaims in this action.

Polaris argues that it is inappropriate for the Court to consider the second and fifth counterclaims because of this pending state court action and that it may even be inappropriate for the Court to consider the third and fourth counterclaims for unfair competition.

It is the Court's view that dismissal of these four state-law counterclaims may be appropriate under 28 U.S.C. § 1367(c). Even if this case does not fit within one of the three exceptions listed in 28 U.S.C. § 1367(c)(1)–(3), it may fit within the fourth exception. That exception states that the Court "may decline to exercise supplemental jurisdiction ... in exceptional circumstances, [when] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). In *Executive Software v. United States District Court,* 24 F.3d 1545, 1557–58 (9th Cir.1994), the court held that "compelling reasons" refers back to the reasons behind the previous three exceptions, namely "the values of economy, fairness, convenience, and comity" as laid out in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Rejection of supplemental jurisdiction over these state-law counterclaims in light of the pending state court action may further "the values of economy, convenience, fairness, and comity." Moreover, the pending state court action probably constitutes "exceptional circumstances."

Letro did not file a surreply, and thus, Letro has not had an opportunity to respond to Polaris' contentions about the state court action. Therefore, the Court orders Letro to show cause no later than Friday, March 31, 1995 why these state-law counterclaims should not be dismissed for improper supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Letro should focus its discussion on the pending state court action and the application of all the exceptions listed in 28 U.S.C. § 1367(c). Polaris may file a reply to Letro's response to the Order to Show Cause no later than Friday, April 7, 1995. After that date, the matter will be deemed submitted, and the Court will issue a ruling shortly thereafter.

**IT IS SO ORDERED.**