**HI–PAC, LTD.; Ron Pestel; and Jean Pestel, Plaintiffs,**

v.

**AVOSET CORPORATION, Defendant.**

**No. CIVIL 96–00763 ACK.**

United States District Court, D. Hawaii.

March 25, 1997.

Philip R. Brown, Honolulu, HI, for Plaintiffs.

Lennes N. Omuro, Goodsill, Anderson, Quinn & Stifel, Honolulu, HI, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER THE CASE

KAY, Chief Judge.

### FACTUAL BACKGROUND

This case involves an oral contract that Hi–Pac, Limited ("Hi–Pac"), a Hawaii Corporation that distributes food to government retail outlets, food services and distribution centers allegedly entered into with Avoset Corporation ("Avoset"), a packager and supplier of perishable foods based in California. Purportedly entered into on October 1993, the agreement stated that Avoset would supply and package dairy products to Hi–Pac who in turn would sell them to military bases and installations throughout Hawaii and the Pacific Region. In June 1994, Avoset allegedly refused to honor this agreement.

In response, on August 20, 1996, Hi–Pac, Hi–Pac's president, Ron Pestel, and Hi–Pac's vice president, Jean Pestel (collectively referred to as "Plaintiffs") brought suit against Avoset International asserting: (1) breach of contract; (2) tortious breach of contract; (3) negligent and/or intentional infliction of emotional distress; and (4) damage to business reputation. The complaint was subsequently amended wherein Avoset was named as the only defendant.

On September 16, 1996, Avoset removed the action to this Court. On January 9, 1997, Avoset filed a motion to dismiss or, in the alternative, a motion for change of venue. On February 20, 1997, Plaintiffs filed their opposition to which Avoset replied to on February 27, 1997. On March 10, 1997, the Court held a hearing on Avoset's motion to dismiss.

### STANDARD OF REVIEW

■ Whether a party is subject to personal jurisdiction in a federal court action based on diversity is determined by reference to the laws of the state in which the federal court sits. *Thos. P. Gonzalez Corp.*, 614 F.2d at 1250. Where a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff "must make only a pri-

ma facie showing of jurisdictional facts through the submitted materials in order to avoid defendant's motion to dismiss." *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). The plaintiff, however, must eventually establish jurisdiction by a preponderance of the evidence either at a pretrial evidentiary hearing or at trial. *Id.* In scrutinizing a motion to dismiss based upon lack of personal jurisdiction, the court looks to the uncontroverted allegations of the complaint, affidavits and depositions. *Pure, Ltd. v. Shasta Beverages, Inc.,* 691 F.Supp. 1274, 1277 (D.Haw.1988).

## DISCUSSION

### I. *Personal Jurisdiction*

■ For this Court to exercise personal jurisdiction over Avoset, Avoset must have sufficient contacts with the state as to fulfill Hawaii's long-arm statute and the Due Process Clause. *See generally Sher v. Johnson,* 911 F.2d 1357, 1360 (9th Cir.1990).

Hawaii's long-arm statute, Haw.Rev.Stat. § 634–35, has been interpreted to allow jurisdiction over non-resident defendants "to the extent permissible ьby the Due Process Clause of the Fourteenth Amendment." *Cowan v. First Insurance Company,* 61 Haw. 644, 649, 608 P.2d 394 (1980). The ability of the Court to exercise personal jurisdiction over Avoset, therefore, depends solely on the Constitution.

The Due Process Clause requires that Avoset have "certain minimum contacts with [Hawaii] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In applying these abstract principles, courts have created two different tests for determining jurisdiction. The first is general jurisdiction which allows a person to be sued in a state even if the cause of action is wholly unrelated to the defendant's connection to the state. Due to its broad nature, general jurisdiction can only be established when a "defendant's activities in the state are 'substantial' or 'continuous and systematic.'" *Sher,* 911 F.2d at 1360.

The second method for exercising jurisdiction—specific jurisdiction—is less demanding requiring only "minimum contacts" with the forum state. *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). In an effort to clarify the "minimum contacts" standard, the Ninth Circuit has created a three-part test:

(A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws;

(B) the claim must arise out of or result from defendant's forum related activities; and

(C) [the] exercise of jurisdiction must be reasonable

*Sher,* 911 F.2d at 1361. Using these factors, the Court will examine whether it has specific jurisdiction over Avoset, taking as true Plaintiffs' allegations. *Id.*

### 1. *Purposeful availment*

■ "The 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir.1995). Here, Avoset clearly "created continuing obligations to forum residents." First, construing the facts most favorably to the Plaintiffs, Avoset entered into an agreement with Hi–Pac, a Hawaii Corporation, for the distribution of goods. In other instances this alone has been sufficient. "By intentionally doing business with [the forum state] and U.S. residents, the [defendant] 'purposefully availed itself of the benefit and privilege' of conduct activities in [the forum state]." *Id.* at 1499.

In addition to allegedly entering contracts with Hawaii corporations to do business in Hawaii, Avoset is also registered to do business in Hawaii. These two acts alone could constitute purposeful availment of Hawaii; yet much more evidence exists, unfortunately, much of it is confused and convoluted. Avoset admits that an Avoset Food Corporation ("Avoset Food") "manufacture[s] and market[s] products within the United States, including Alaska and Hawaii." See Avoset's

Reply, Affidavit of D.K. Xiques, ¶ 3. Avoset also admitted that Avoset Food has a food broker, L.H. Gamble, which "represent[s] Avoset Food in Hawaii." [1] *Id.*

Normally, evidence about another corporation's contacts would be insufficient, however, in this case Avoset has failed to establish that it is a different corporation than Avoset Food. First, Avoset's own counsel could not pinpoint Avoset's relationship with Avoset Food Corporation. Avoset's memorandums and affidavits, moreover, made no distinction between Avoset and Avoset Food Corporation. On the other hand, Plaintiff has provided an affidavit alleging that Avoset's (as opposed to Avoset Food) products are widely distributed in Hawaii by such behemoth retailers as Safeway. *See* Plaintiffs' Opposition, Affidavit of Ron Pestel, ¶ 2. The Court, therefore, finds that Avoset's failure to provide evidentiary support concerning the distinction between Avoset and Avoset Food, combined with Plaintiffs' affidavit that Avoset, not Avoset Food, markets food in Hawaii fulfills Plaintiff's burden of establishing a *prima facie* case of personal jurisdiction over Avoset.[2] Accordingly, the Court holds that Avoset has taken action in Hawaii whereby it "purposefully avail[ed] . . . [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws." [3]

### 2. *Plaintiffs' claims arise out of or result from Avoset's forum related activities*

The Ninth Circuit has simplified the second element as to require only that "but-for"

the defendant's forum related activities, the claim at issue would not have arisen. *Ballard,* 65 F.3d at 1500. As applied in this case, therefore, the issue is whether "but-for" Avoset's connections with Hawaii would Plaintiffs' claims have arisen.

As stated above, Avoset's forum-related activities consists of manufacturing and distributing food items in Hawaii. Because of these activities, Plaintiffs approached Avoset about distributing their products in Hawaii and throughout Southeast Asia. These meetings led to a distribution agreement, the breach of which resulted in this lawsuit. Clearly, these facts establish a *prima facie* case that but-for Avoset's activities in Hawaii, Plaintiffs' claims would never have arisen. Accordingly, the Court finds that the Plaintiffs have fulfilled the second element.

### 3. *The exercise of jurisdiction must be reasonable*

The final element for specific jurisdiction is that the exercise of jurisdiction must be reasonable. *Sher,* 911 F.2d at 1361. The reasonableness of jurisdiction is **presumed**, however, where the defendant has "purposefully directed its activities" to the forum state. *Id.* at 1364. The burden, therefore, rests with Avoset to "present a **compelling** case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (emphasis added).

---

1. Avoset admits these facts in its affidavit in an apparent attempt to argue that Avoset International has no contacts with Hawaii. Avoset International, however, is not a party to this action. *See* Complaint, ¶ 4 ("Defendant Avoset Corp. (hereinafter "Avoset") is a foreign corporation, doing business in the State of Hawaii with its principal place of business in the State of California"). Thus, the issue of whether the Court has personal jurisdiction over Avoset International is premature.

   Avoset also argues that Avoset International would be the party to any oral contract, not Avoset. *See* Avoset's Reply at pg. 6. That is immaterial, however, to the motions before the Court. Plaintiffs have sued Avoset claiming breach of contract. Avoset has challenged the Court's personal jurisdiction with a Fed.R.Civ.P. 12(b)(2) motion. The only issue before the Court, therefore, is whether it has jurisdiction

over Avoset. If Avoset wants to challenge Plaintiffs' choice of defendant, it can do so with a Rule 12(b)(6) or summary judgment motion.

2. If after discovery, however, the relationship between the various Avosets and the instant case becomes clearer, the Court will hear any subsequent 12(b)(2) motions. Such a motion may also become necessary if the Plaintiffs amend their complaint to sue all Avosets as they said they would at the hearing.

3. The Court also notes that evidence exists indicating that even if Avoset Food and Avoset are different corporations, they were involved in a joint venture. On November 3, 1993, Pestel wrote a letter to Avoset Corporation thanking Doug Xiques for a successful meeting. In response, Pestel received correspondence from Avoset Food Corporation.

To determine whether a compelling case exists, courts look at: "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Core–Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482 (9th Cir.1993) "None of the factors is dispositive in itself; instead, we must balance all seven." *Id.* Applying these factors, however, Avoset has not presented any argument, let alone a compelling argument, that these factors render jurisdiction unreasonable.

Nevertheless, on its own review, the Court finds that these factors favor the Plaintiffs. First, Avoset has purposefully interjected itself in Hawaii by distributing its goods here. So much so that it cannot be deemed unreasonable for it to be haled into a Hawaiian court. After all, if a consumer of its goods ever became ill, certainly that consumer should be able to bring a products liability suit against Avoset in Hawaii.

Second, the burden of the defendant in defending this suit is not so great as to prevent this Court from its proper exercise of jurisdiction. Surely, the Defendant would prefer to defend this lawsuit in California; but it has sufficiently availed itself of Hawaii that it cannot justly argue that its burden of defending this case is unbearable.

Third, this case does not seem to truly implicate California's sovereignty. The case does involve a California corporation but the case centers on a contract for food distribution to Hawaii and Southeast Asia, concerns not vital to California's sovereignty.

The first three factors, therefore, favor the Plaintiffs. The remaining four factors concern the relative utility of bringing suit in one forum versus bringing suit in another forum, the same issue raised by Avoset's motion to transfer for convenience of the parties under 28 U.S.C. § 1404. Consequently, the Court will address these factors

in analyzing Avoset's § 1404 motion. As noted below, however, the Court finds that these factors also favor the exercise of personal jurisdiction over Avoset. Accordingly, the Court DENIES Avoset's motion to dismiss for lack of personal jurisdiction.

## II. *Transfer of Venue*

■ 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. The FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540 (1960)).

■ Transfer is limited however "to those federal districts in which the action 'might have been brought.'" *Van Dusen*, 376 U.S. at 616, 84 S.Ct. at 809; *see also Tomar Electronics, Inc. v. Whelen Technologies, Inc.*, 819 F.Supp. 871, 877 (D.Ariz.1992) (§ 1404(a) presupposes that proper venue exists in both transferor and transferee forums); *A.J. Indus., Inc. v. United States Dist. Court for Central Dist. of California*, 503 F.2d 384, 387 (9th Cir.1974) ("[T]he ability to raise the subject matter of a suit in the transferor district by counterclaim in the transferee district will, as a general proposition, satisfy the 'where it might have been brought' requirement of 28 U.S.C. § 1404(a).").

Section 1404(a) essentially is a codification of the common law doctrine of *forum non conveniens* that allows transfer, rather than requiring dismissal, where the alternative forum is another federal district. *See A.J. Indus.*, 503 F.2d at 386; *Yerostathis v. A. Luisi, Ltd.*, 380 F.2d 377, 379 (9th Cir.1967) (enactment of § 1404(a) did not eliminate doctrine of *fnc*); *Norwood v. Kirkpatrick*, 349 U.S. 29, 31, 75 S.Ct. 544, 546, 99 L.Ed.

789 (1955) (§ 1404(a) "revis[ed] as well as codif[ied]" doctrine of *fnc* ).

Moreover, while the relevant factors to consider are the same, the district court's discretion to transfer under § 1404(a) is broader than its discretion to dismiss for *forum non conveniens. See Norwood*, 349 U.S. at 32, 75 S.Ct. at 546 ("Congress. intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."); *see, e.g., Creative Technology, Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 699 (9th Cir.1995) ("The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.") (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266–67, 70 L.Ed.2d 419 (1981)); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986) (ruling on § 1404(a) motion reviewed for abuse of discretion).

▪ In determining whether to transfer under § 1404(a), the court should consider the following statutory factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. In addition, the Court should consider private and public interest factors derived from the doctrine of *forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) (*forum non conveniens* considerations helpful in deciding § 1404(a) transfer motion).

The private interest factors include: (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive.

*Creative Technology, Ltd. v. Aztech Sys. Pte, Ltd.*, 61 F.3d 696, 703 (9th Cir.1995) (quoting *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1487 (9th Cir.1987)); *see also Decker Coal,* 805 F.2d at 843.

The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law.

*Creative Technology*, 61 F.3d at 703–04 (citing *Zipfel*, 832 F.2d at 1485); *see also Decker Coal,* 805 F.2d at 843.

▪ Ultimately, the court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal*, 805 F.2d at 843.

### 1. *Convenience of Parties*

▪ Both parties go to great lengths in arguing the relative convenience/inconvenience of this Court. The parties do not begin from the same point, however, because "there is normally a strong presumption in favor of honoring the plaintiff's choice of forum." *Creative Technology, Ltd.*, 61 F.3d 696, 703 (9th Cir.1995). Nevertheless, Avoset attempts to overcome this presumption by arguing that because: (1) none of the meetings leading up to the agreement took place in Hawaii; and (2) all of Avoset's witnesses and documents are located in California, transferring the case to California would best serve the convenience of the parties.

The Court finds unpersuasive the fact that none of the meetings leading up to the agreement occurred in Hawaii. First, the parties did not meet only in California but also met in Seattle, Korea and Japan. Thus, under Avoset's logic, these forums should be more convenient than Hawaii. Second, if the case ultimately proceeds to trial, the case will not focus solely on the existence of the agreement but also on damages. The damages portion, however, will involve evidence of Plaintiffs' reliance and lost opportunities, evi-

dence which will need to be obtained in Hawaii. Consequently, the Court finds that Avoset's inconvenience (if any) of trying the case in Hawaii does not outweigh the substantial weight accorded the Plaintiffs' choice of forum.

### 2. The Convenience of the Witnesses

The next factor—the convenience of the witnesses—favors the Plaintiffs. Avoset's claims of great witness' inconvenience are directly contradicted by the witness' list they provided. In their witness list,[4] Avoset avers that only one witness in California has "knowledge concerning significant factual issues," whereas at least three and maybe more witnesses in Hawaii have such knowledge. In addition, of the remaining eight potential witnesses explicitly named, seven reside in the Far East. For these witnesses, Hawaii certainly represents a more convenient forum.[5] Accordingly, the Court finds that Hawaii is a more convenient forum for the witnesses.

### 3. The Interests of Justice

In determining how the interests of justice would be best served, the Court will examine the private and public interests set out in the *forum non conveniens* cases.

#### A. Private Interests

##### 1. Relative ease of access to sources of proof

The parties' relative ease of access to sources of proof is neutral because the documentary proof in this case promises to be minimal considering the agreement at issue is an oral one. Thus, the ease of access to proof is not really a factor.

##### 2. Costs of obtaining witnesses

The costs of obtaining witnesses strongly favors the Plaintiffs because, by Avoset's admission, ten out of the twelve witnesses with significant knowledge reside in Hawaii or in the Far East.

##### 3. The Possibility of Viewing the subject premises

The possibility of viewing the subject premises does not apply in this breach of contract claim. Thus, this factor is neutral.

##### 4. All other factors that render trial of the case expeditious

This factor is neutral with perhaps a slight edge to the Plaintiffs. This case involves an oral contract whose parameters (and existence) will come down to the word of the Plaintiffs versus the word of Avoset. Plaintiffs' word, however, may be independently corroborated by their actions (e.g. obtaining contracts for distribution of Avoset's goods, hiring employees to handle the extra workload) that would have occurred in Hawaii. For this reason, this factor favors the Plaintiffs.

#### B. Public Interest

##### 1. Administrative difficulties flowing from court congestion

Avoset's failure to provide any data on this matter makes this factor neutral in the analysis of whether to transfer this action.

##### 2. Imposition of jury duty on the people of a community that has no relation to the litigation

This factors favors the Plaintiffs in that the contract at issue concerns a Hawaii corporation's efforts to distribute products in Hawaii and the Far East. The goods at issue were never intended for California. Thus, the purported breach of the contract affected the consumers of Hawaii and the Far East, if it affected anyone. In addition, the intended recipients of the goods—military commissaries—play a very significant role in the life of Hawaii. Accordingly, the Court finds that this case has greater connection to a jury in Hawaii than it does to one in California.

---

4. The witness list consisted of a January 28, 1997 letter from Avoset's attorney to the Plaintiffs.

5. The two witnesses based on the Mainland, moreover, were both employed by Avoset at the time of the purported agreement.

### 3. *The local interest in having localized controversies decided at home*

For the reasons given above, this factor also favors this Court's retention of the case. If this controversy involves any "locality," it is Hawaii.

### 4. *Choice of law considerations*

If this case is transferred, the California court will have to apply Hawaiian law. *See Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964). A California court does not have the same experience with Hawaiian contract law as this Court. Consequently, the Court finds that this factor favors the Plaintiffs, i.e. not transferring the case.

On the whole, after weighing the private and public interest factors, the Court finds that the interests of justice favor the Plaintiffs. The balance of these interests coupled with the greater convenience for the parties and witnesses of trying this case in Hawaii convinces the Court that transfer under 28 U.S.C. § 1404 is not warranted. Accordingly, the Court DENIES Avoset's motion to transfer the case.[6]

### CONCLUSION

For the foregoing reasons, the Court DENIES Avoset's motion to dismiss without prejudice, or in the alternative, motion to transfer the case. The Court also GIVES Plaintiffs 20 days in which to amend their complaint.

IT IS SO ORDERED.

---

**6.** Avoset also brought a motion to transfer under 28 U.S.C. § 1406 which the Court also denies because Avoset cannot challenge venue as improper after removing the case. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Avoset can seek to transfer under 28 U.S.C. § 1404, however, because such a transfer does not require finding the present venue improper.